[No. 27446-5-I.   Division One.   December 14, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN E.
WALDEN, *Appellant.*

*Dawn Monroe* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

PEKELIS, J. — John Walden appeals from a conviction on one count of second degree rape. He argues that the trial court erroneously failed to instruct the jury on the lesser included offense of fourth degree assault. We affirm.

On the night of February 24, 1990, the defendant, Walden, was horsing around with two acquaintances, Chad Pierce and the victim, R.I. The trio drank beer and set several small fires in the Lynnwood area. At some point Walden and R.I. skirmished. R.I. testified that Walden pushed him down a hill several times, causing him to hit a tree and land in sticker bushes. Walden then jumped on R.I. and placed him in a headlock. While holding R.I. in a headlock, Walden asked him if he wanted to die and told R.I. that if he wanted to get away, R.I. would have to suck on Walden's penis. R.I. declined both invitations, and Walden maintained the headlock, forcing R.I. to remove his clothes. R.I. eventually "gave in" and sucked on Walden's penis for about 20 seconds. R.I. then escaped and ran away, eventually reporting the incident to a police officer. Walden was arrested later that night.

At trial Walden testified that he did indeed struggle with R.I. He characterized the incident as "wrestling" and "pushing". He admitted placing R.I. in a headlock, but denied threatening R.I., forcing him to take his clothes off, or engaging in oral sexual intercourse. On cross examination, Walden claimed the events were "all kind of in fun".

The trial judge rejected Walden's request for an instruction on fourth degree assault as a lesser included offense of rape in the second degree. The jury found Walden guilty as charged of second degree rape by forcible compulsion. This appeal followed.

Walden contends that the trial court should have instructed the jury on fourth degree assault because the elements of fourth degree assault are all necessary elements of second degree rape and because the evidence supported an inference that he committed fourth degree assault. We hold that the trial court properly rejected the proposed instruction.

■ A defendant is entitled to an instruction on a lesser included offense if two requirements are satisfied: (1) each of the elements of the lesser crime must be necessary elements of the crime charged; and (2) the evidence in the case must support an inference that the defendant committed the lesser offense. *State v. Speece*, 115 Wn.2d 360, 362, 798 P.2d 294 (1990) (per curiam); *State v. Liewer*, 65 Wn. App. 641, 647, 829 P.2d 236 (1992). These requirements are known as the "legal" and "factual" prongs of the lesser included test. *State v. Rodriguez*, 48 Wn. App. 815, 817, 740 P.2d 904, *review denied*, 109 Wn.2d 1016 (1987).

According to the legal prong of the lesser included test, "[w]hile the lesser offense might not be a stated element of the greater offense, the lesser must at least be an 'inherent characteristic' of the greater one." *State v. Curran*, 116 Wn.2d 174, 183, 804 P.2d 558 (1991). In other words, one is entitled to an instruction on the lesser offense only if the charged crime "could not be committed" without also committing the lesser offense. *Curran*, at 183.

■ In this case, fourth degree assault is not an "inherent characteristic" of second degree rape such that the latter cannot be committed without also committing fourth degree assault. Fourth degree assault is defined as follows:

**Assault in the fourth degree.** (1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

RCW 9A.36.041. Because the term "assault" itself is undefined in the criminal code, Washington courts apply the common law definition to the crime. *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 504, 125 P.2d 681 (1942). Three definitions[1] of criminal assault have been recognized in Washington: (1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with

---

[1]Walden requested an instruction on only the second definition: "An assault is also [*sic*] an intentional touching or striking or cutting or shooting of the person or body of another, regardless of whether any actual physical harm is done to the other person." (Defendant's proposed instruction.)

criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm. *State v. Hupe*, 50 Wn. App. 277, 282, 748 P.2d 263, *review denied*, 110 Wn.2d 1019 (1988); *see also* WPIC 35.50. Additionally, intent is a court-implied element of assault in the fourth degree. *State v. Davis*, 119 Wn.2d 657, 662, 835 P.2d 1039 (1992); *State v. Sample*, 52 Wn. App. 52, 54, 757 P.2d 539 (1988).

Second degree rape is defined as follows:

> **Rape in the second degree.** (1) A person is guilty of rape in the second degree when, under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person:
> (a) By forcible compulsion;
> (b) When the victim is incapable of consent by reason of being physically helpless or mentally incapacitated; or
> (c) When the victim is developmentally disabled and the perpetrator is a person who is not married to the victim and who has supervisory authority over the victim.

RCW 9A.44.050. This statute includes no element of intent.

The crime of assault requires proof of intent; rape does not. Because one can be convicted of rape without proof of the existence of any mental state, while one cannot be convicted of assault without proof of the mental element of intent, the legal prong fails. *See Sample*, 52 Wn. App. at 55 (fourth degree assault is not a lesser included offense of third degree assault by criminal negligence because the latter includes no element of intent); *State v. Markle*, 118 Wn.2d 424, 435-36, 823 P.2d 1101 (1992) (former offense of indecent liberties is not lesser included of former offense of statutory rape because an essential element of indecent liberties is that offender "knowingly act for the purpose of gratifying sexual desire", while statutory rape is a strict liability offense).

Although intent is not an express statutory element of second degree rape, at first blush it might appear that intent is at least implicit in the crime of second degree rape by forcible compulsion. "Forcible compulsion" is defined as

> physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical

injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped.

RCW 9A.44.010(6).

This first impression is misleading. Rape criminalizes nonconsensual sexual intercourse regardless of criminal intent or knowledge. Whenever confronted with the issue, our courts have consistently rejected the argument that intent or knowledge is an implied element of the crime of rape. *See, e.g., State v. Ciskie*, 110 Wn.2d 263, 281-82, 751 P.2d 1165 (1988) (refusing to infer knowledge as element of first, second, or third degree rape); *State v. Elmore*, 54 Wn. App. 54, 57, 771 P.2d 1192 (1989) (noting that *Ciskie* "clearly rejected the possibility that intent, which involves a far more culpable state of mind [than knowledge], could be [an] inferred" element of rape); *State v. Geer*, 13 Wn. App. 71, 75-76, 533 P.2d 389 (rejecting voluntary intoxication as a defense because rape does not involve intent, motive, or purpose), *review denied*, 85 Wn.2d 1013 (1975); *accord, State v. Parker*, 738 S.W.2d 566, 571 (Mo. Ct. App. 1987) (noting that elements of rape are carnal knowledge, force, and commission of the act: "In rape, purpose and motive are irrelevant.").

Inclusion of the element of forcible compulsion does not require a different rule. By enacting the crime of second degree rape by means of forcible compulsion, the Legislature criminalized particular conduct — the use of physical force or the threat of physical harm — as a means of inducing nonconsensual intercourse. Since one cannot accidentally or innocently induce another person to engage in sexual intercourse by means of force or threat, there is no need to imply specific intent as an element of the crime in order to prevent nonculpable conduct from being criminal. *See Elmore*, at 56-57.[2]

---

[2]We note that the only mental state explicit in the definition of forcible compulsion is the *victim's* "fear of death or physical injury to herself or himself", RCW 9A.44.010(6), just as in third degree rape the focus is on the victim's consent or lack of consent rather than the perpetrator's subjective assessment thereof. *Elmore*, at 57 & n.5.

Moreover, there is good reason to refrain from engrafting a culpable mental state onto the crime of rape by forcible compulsion. Requiring proof that the actor intended to forcibly compel intercourse would lead to the troubling result that a perpetrator could be exonerated by arguing that he did not intend to overcome resistance or did not intend his conduct as an express or implied threat.

We therefore conclude that fourth degree assault does not meet the legal prong of the lesser included test. For this reason we need not reach the factual prong.[3]

Affirmed.

SCHOLFIELD and KENNEDY, JJ., concur.

---

[3]Additionally, we need not address the State's contention that the lesser offense must be an inherent characteristic of *each* uncharged alternative means of committing the greater crime in order to meet the legal prong of the lesser included test. *Contra, State v. Bowen*, 12 Wn. App. 604, 531 P.2d 837 (1975).