[No. 39588-6-II.   Division Two.   February 11, 2011.]

The State of Washington, *Respondent*, v. Karen Jarvis, *Petitioner*.

*Wayne C. Fricke*, for petitioner.

*Mark E. Lindquist, Prosecuting Attorney*, and *Melody M. Crick*, and *Amanda Kunzi, Deputies*, for respondent.

¶1 WORSWICK, A.C.J. — A jury in district court found teacher Karen Jarvis guilty of fourth degree assault for dragging a special education student across the floor and swinging him into a bathroom. The superior court affirmed her conviction on RALJ appeal.[1] Jarvis filed for discretionary review, arguing that (1) the fourth degree assault statute is unconstitutionally vague, (2) there was insufficient evidence of criminal intent, and (3) the trial court improperly instructed the jury. We affirm.

## FACTS

¶2 Jarvis was a special education teacher at Drum Intermediate School in the University Place School District. On January 10, 2008, the school held a lock-down drill. The teachers had been notified of the drill that morning. Although there were no written rules, the established procedure for Jarvis's class required the students and teachers to wait inside the bathroom during this drill. C.B., a student with Down Syndrome and limited verbal communication abilities, believed the drill was an earthquake drill and hid under his desk. Tina Hansen, a teacher's aide, tried to coax C.B. out from under the desk, but he refused. Hansen decided the best course of action was to stay with C.B. in the classroom. Jarvis approached and yelled at C.B. to come out

---

[1] RALJ 2.3(a).

from under the desk. When C.B. did not obey, Jarvis threw the desk off of him then dragged C.B. by his wrist and ankle approximately 25 feet across the floor to the bathroom as he screamed hysterically and tried to resist. When C.B. grabbed onto the bathroom doorjamb, Jarvis jerked C.B. free and swung him into the bathroom, where he slid 7 to 8 feet across the tile floor.

¶3 The State charged Jarvis with fourth degree assault. At trial, Jarvis proposed jury instruction 4, which would have instructed the jury that an act is not assault when the victim consents.[2] Jarvis also offered proposed instruction 7, which would have instructed that it is lawful to use force to prevent a mentally incompetent or mentally disabled person from posing a danger to himself or others.[3] The trial court rejected these proposed instructions because the evidence did not support them.

¶4 The jury found Jarvis guilty of fourth degree assault. The superior court affirmed the judgment on RALJ appeal. Jarvis moved for discretionary review, arguing that the fourth degree assault statute was unconstitutionally vague, that there was insufficient evidence of criminal intent, and that the trial court erred in rejecting proposed instructions 4 and 7. We granted discretionary review.

## ANALYSIS

### I. Vagueness

¶5 Jarvis argues that the fourth degree assault statute is vague as applied to the facts of her case. We disagree.

---

[2] In addition to the accepted definition of "assault," proposed instruction 4 read, "An act is not an assault, if it is done with the consent of the person alleged to be assaulted." Record on Appeal (ROA) at 67.

[3] Proposed instruction 7 read, "The use of force is lawful whenever used by any person to prevent a mentally incompetent or mentally disabled person from committing an act dangerous to any person, or in enforcing restraint for the protection or restoration to health of the person during such period only as is necessary to obtain legal authority for the restraint or custody of the person." ROA at 70.

¶6 "The due process clause of the Fourteenth Amendment requires that citizens be afforded fair warning of proscribed conduct." *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990). Vagueness challenges to statutes that do not involve First Amendment rights are to be evaluated in light of the particular facts of each case. *State v. Sigman*, 118 Wn.2d 442, 445, 826 P.2d 144 (1992) (quoting *Douglass*, 115 Wn.2d at 182-83). Statutes are presumed constitutional, and the challenging party bears the burden of overcoming this presumption. *State v. Thorne*, 129 Wn.2d 736, 769-70, 921 P.2d 514 (1996). A party challenging a statute's constitutionality on vagueness grounds must prove beyond a reasonable doubt either (1) that ordinary people cannot understand what is prohibited or (2) that the statute lacks sufficient standards of guilt to prevent arbitrary enforcement. *City of Sumner v. Walsh*, 148 Wn.2d 490, 512, 61 P.3d 1111 (2003) (quoting *Douglass*, 115 Wn.2d at 178). "A statute 'employ[ing] words with a well-settled common law meaning, generally will be sustained against a charge of vagueness.' " *State v. Monschke*, 133 Wn. App. 313, 332, 135 P.3d 966 (2006) (alteration in original) (quoting *Anderson v. City of Issaquah*, 70 Wn. App. 64, 75, 851 P.2d 744 (1993)).

¶7 RCW 9A.36.041(1) defines "fourth degree assault." It provides, "A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." Because Washington's criminal code does not define "assault," the courts apply common law definitions. *State v. Stevens*, 158 Wn.2d 304, 310-11, 143 P.3d 817 (2006). In Washington, the common law definition of "assault" encompasses "(1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent;[4] and (3) putting another in apprehension of harm whether or not the actor intends to

---

[4] "Criminal intent" in this context means the intent to do the physical act constituting assault, not the intent that one's actions be malicious or illegal. *See State v. Keend*, 140 Wn. App. 858, 866-67, 166 P.3d 1268 (2007).

inflict or is incapable of inflicting that harm." *State v. Walden*, 67 Wn. App. 891, 893-94, 841 P.2d 81 (1992). " '[A] touching may be unlawful because it was neither legally consented to nor otherwise privileged, and was either harmful or offensive.' " *State v. Thomas*, 98 Wn. App. 422, 424, 989 P.2d 612 (1999) (alteration in original) (quoting *State v. Garcia*, 20 Wn. App. 401, 403, 579 P.2d 1034 (1978)). This is a well settled common law definition. *See, e.g.*, *Garcia*, 20 Wn. App. at 403.

¶8 Jarvis argues that because Washington courts have found it lawful to use force to protect the mentally ill or mentally disabled from posing a danger to themselves or others, ordinary people would not know what conduct is prohibited, making the fourth degree assault statute vague as applied. But under the facts of this case, we find that an ordinary person would understand that Jarvis's conduct was an assault by reason of being a harmful or offensive touching. Jarvis dragged a child 25 feet by the wrist and ankle as the child struggled hysterically, jerked him free from a door jamb, and then slung him 7 to 8 feet across a bathroom floor. And Jarvis's actions were not taken in response to any imminent danger, but rather were a form of discipline that Jarvis hoped would teach the student to behave properly in the event of a possible future emergency. Under these facts, we cannot agree that an ordinary person would have been unable to determine that the conduct was prohibited. Jarvis has failed to meet her heavy burden to demonstrate vagueness. We hold that her claim on this point fails.

## II. Sufficiency of the Evidence

¶9 Jarvis next argues that there was insufficient evidence to show that she had the requisite intent to commit assault. She argues that the State failed to demonstrate "criminal intent" because the State did not show any hitting, punching, or kicking, or anything other than that Jarvis was attempting to move C.B. into the proper area.

¶10  In evaluating the sufficiency of the evidence, an appellate court reviews the evidence in the light most favorable to the State. *State v. Drum*, 168 Wn.2d 23, 34, 225 P.3d 237 (2010). "The relevant question is 'whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt.'" *Drum*, 168 Wn.2d at 34-35 (quoting *State v. Wentz*, 149 Wn.2d 342, 347, 68 P.3d 282 (2003)). An appellant claiming insufficiency of the evidence admits the truth of the State's evidence and all inferences reasonably drawn from it. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

¶11  "Assault is an intentional touching or striking of another person that is harmful or offensive, regardless of whether it results in physical injury." *State v. Tyler*, 138 Wn. App. 120, 130, 155 P.3d 1002 (2007). Jarvis argues that "intent" requires some element of malice or ill will. She cites no authority for this proposition. In fact, the intent required for assault is merely the intent to make physical contact with the victim, not the intent that the contact be a malicious or criminal act. *State v. Hall*, 104 Wn. App. 56, 62, 14 P.3d 884 (2000). It is uncontroverted that Jarvis intended to drag C.B. The evidence that Jarvis's touching was intentional was sufficient to demonstrate the element of intent. Jarvis's claim on this point fails.

### III. Jury Instructions

¶12  Finally, Jarvis assigns error to the trial court's rejection of proposed jury instructions 4, 6, and 7. She argues that failure to give these instructions denied her the opportunity to argue her theory of the case. Jarvis moved for, and we granted, discretionary review as to instructions 4 and 7. But Jarvis argues instruction 6 for the first time on appeal to this court. We may specify the grounds on which we grant discretionary review. RAP 2.3(e). Because Jarvis did not seek and we did not grant discretionary review of the trial court's decision regarding proposed instruction 6, we do not consider her argument on this point and we

120

review only the trial court's rejection of proposed instructions 4 and 7.

¶13 We review a trial court's refusal to give jury instructions for abuse of discretion. *State v. Buzzell*, 148 Wn. App. 592, 602, 200 P.3d 287 (2009). Jury instructions are improper if they do not permit the defendant to argue her theories of the case, if they mislead the jury, or if they do not properly inform the jury of the applicable law. *State v. Vander Houwen*, 163 Wn.2d 25, 29, 177 P.3d 93 (2008). A defendant is entitled to have the jury instructed on her theory of the case when there is evidence to support the theory. *Buzzell*, 148 Wn. App. at 598 (quoting *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986)). When determining whether the evidence was sufficient to support giving an instruction, we view the evidence in the light most favorable to the party requesting the instruction. *State v. Fernandez-Medina*, 141 Wn.2d 448, 455-56, 6 P.3d 1150 (2000).

¶14 Jarvis's proposed instruction 4 provided a proper instruction on assault but included language about the defense of consent. In general, contact is not an assault when the victim consents. *See State v. Shelley*, 85 Wn. App. 24, 28-29, 929 P.2d 489 (1997). Here, there was no evidence that C.B. or his parents consented to C.B.'s being dragged, so the evidence did not support instruction 4. We therefore hold that the trial court did not abuse its discretion by rejecting instruction 4.

¶15 Jarvis's proposed instruction 7 discussed the lawful use of force to prevent a mentally incompetent or mentally disabled person from posing a danger to himself or others. Jarvis argues that this instruction was appropriate because C.B. was posing a danger to himself and others by refusing to comply with the lock-down procedure. RCW 9A.16.020 defines the lawful use of force in Washington. RCW 9A.16.020(6) provides that it is lawful to use force "to prevent a mentally ill, mentally incompetent, or mentally disabled person from committing an act dangerous to any person . . . ." Whether Jarvis's proposed instruction 7 was

proper depends on whether a danger must be imminent before one may lawfully use force under RCW 9A.16.020(6). This is a question of first impression.

¶16 We review questions of statutory interpretation de novo. *State v. Mandanas*, 168 Wn.2d 84, 87, 228 P.3d 13 (2010). The purpose of statutory interpretation is to give effect to the legislature's intent. *In re Pers. Restraint of Cruze*, 169 Wn.2d 422, 427, 237 P.3d 274 (2010) (quoting *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005)). When the meaning of a statute is plain, the legislative intent is derived from the text. *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009).

¶17 Were we to accept Jarvis's contention that she was entitled to a lawful use of force instruction under these facts, we would be giving those with custody of the mentally disabled broad license to assault their charges. Allowing an assault on a mentally disabled individual based on a hypothetical future danger would undermine the protection that the assault statutes offer to such individuals. We therefore decline to accept Jarvis's argument that RCW 9A.16.020(6) entitled her to lawfully use force against C.B. based on the possibility that C.B. might later pose a danger during a real emergency.

¶18 We hold that the plain language of RCW 9A.16-.020(6) requires a concrete, imminent danger. The plain meaning of the words "dangerous to any person" connotes a substantial likelihood that a person will come to harm. An action that might potentially pose a danger at some unknown future time, such as C.B.'s failure to comply with the drill here, does not fit within the plain meaning of "dangerous to any person."

¶19 We further analogize the situation presented here to the defense of others. It has long been the law in Washington that one may lawfully use force in defense of others when one has a *reasonable belief* that the person being protected is in *imminent* danger. *State v. Penn*, 89 Wn.2d 63, 66, 568 P.2d 797 (1977). We adopt this rule as to RCW 9A.16.020(6). We therefore hold that when using force

against a mentally ill, mentally incompetent, or mentally disabled person to prevent that person from posing a danger to himself or others under RCW 9A.16.020(6), the use of force is not lawful unless the actor reasonably believes that the danger is imminent. As with the defense of others, a reasonable belief that there is imminent danger is adequate, even if that belief is mistaken. Here, there was no evidence that Jarvis believed that C.B. posed an imminent danger. The evidence did not support Jarvis's instruction 7, and the trial court did not abuse its discretion in rejecting it. Jarvis's claim on this point fails.

¶20 Because proposed instructions 4 and 7 were not supported by the evidence, the trial court did not abuse its discretion by refusing to give them and Jarvis's arguments on these points fail.

¶21 Affirmed.

ARMSTRONG and VAN DEREN, JJ., concur.

Review denied at 171 Wn.2d 1029 (2011).