COURT OF APPEALS DIV I
2014 APR 28 AM 9: 59



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 69648-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MELINA K. HARRIS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

LAU, J. — A criminal defendant is entitled to a unanimous verdict. When the State presents evidence of several distinct acts, any one of which could form the basis of a criminal charge, the trial court must instruct the jury that it must reach a unanimous verdict on one particular incident as the basis for the conviction. Multiple acts that amount to a continuing course of conduct, however, do not require a unanimity instruction. Because Melina Harris's assault on a police officer constitutes a continuous course of conduct, the trial court properly refused to give a unanimity instruction. And because the third degree assault and obstruction of a police officer offenses do not

contain the same elements, the double jeopardy clause does not prevent convictions for both offenses. We affirm.

## FACTS

On October 29, 2011, the Saturday before Halloween, Kent police officers were responding to a number of noise complaints, including a Halloween party at Melina Harris's house at approximately 11:20 pm. Detective Jonathan Thompson and Officer Eric Doherty responded to the call. Both officers heard loud music coming from the house as they approached on foot.

Harris came to the front door dressed in a long dress and high heels. Harris removed her shoes and walked to the middle of the cul de sac, stating repeatedly that she could not hear anything, the party was not very loud, and she wanted to know who had complained.

While Officer Doherty was attempting to speak with Harris about the noise, Harris pointed at Detective Thompson, whom she thought she recognized and said, "He's been doing this for a while. I'm talking to him instead." Report of Proceedings (RP) (Oct. 16, 2012) at 124). Thompson suggested how the noise could be controlled.

Harris started to walk back toward her house. Officer Doherty followed Harris asking again for her name. Harris refused. Officer Doherty continued to follow Harris back to the house. Harris retrieved her shoes and turned to face Officer Doherty. Because of the darkness, Officer Doherty shined his flash light at Harris. When Harris complained about the flashlight, Officer Doherty lowered it and asked whether it was any better. Harris hit Officer Doherty with her shoes. Officer Doherty raised his hands to block her and pushed her hands away with his forearm. Harris grabbed Officer

-2-

Doherty's collar while still holding on to one of her shoes. Officer Doherty maneuvered Harris to the ground. At that point, Officer Doherty noticed that Harris's lip was bleeding. Officer Doherty tried to control her flailing arms and legs to get Harris in a face down position. Harris bit Officer Doherty's hand. Officer Doherty pushed Harris's head away and moved his hand. Thompson helped to subdue Harris. This entire confrontation occurred quickly.

After aid personnel treated Harris, she was booked into Kent city jail. The State charged Harris with third degree assault and obstructing a law enforcement officer. A jury found Harris guilty of both charges. Harris appeals.

## ANALYSIS

Harris argues that the court erred in refusing to instruct the jury that it must be unanimous as to which act constituted the third degree assault. She argues that the jury could have found separate acts of assault based on hitting Officer Doherty with her shoes and then biting him while she was on the ground.

### Unanimity Instruction

The standard of review depends on whether the trial court's refusal to grant the jury instruction was based on a matter of law or facts. State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998). A trial court's refusal to give instructions to a jury, if based on a factual dispute, is reviewable only for abuse of discretion. Walker, 136 Wn.2d at 771-72. The trial court's refusal to give an instruction based upon a ruling of law is reviewed de novo.[1] Walker, 136 Wn.2d at 772. Here, we review the trial court's refusal to give a jury instruction for abuse of discretion.

---

[1] We reach the same result under either standard of review.

-3-

Criminal defendants in Washington are entitled to a unanimous jury verdict. State v. Ortega–Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994). When the State presents evidence of multiple acts that could each form the basis for one charged crime, the State must choose which of the acts it relied on or the court must give a Petrich[2] instruction to the jury requiring them to agree on a specific criminal act. State v. Coleman, 159 Wn.2d 509, 511, 150 P.3d 1126 (2007).

The necessity for a unanimity instruction arises only in multiple acts cases, not where the evidence indicates a continuing course of conduct. State v. Handran, 113 Wn.2d 11, 17, 775 P.2d 453 (1989), overruled on other grounds by State v. Kitchen, 110 Wn.2d 403, 756 P.2d 105 (1998). To determine whether there is a continuing course of conduct, we evaluate the facts in a commonsense manner considering the time separating the criminal acts and whether the criminal acts involved the same parties, location, and ultimate purpose. State v. Brown, 159 Wn. App 1, 14, 248 P.3d 518 (2010). Evidence that a defendant engaged in a series of actions intended to secure the same objective supports the characterization of those actions as a continuing course of conduct rather than as several distinct acts. State v. Fiallo-Lopez, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995).

Here, Harris's actions of hitting Officer Doherty with her shoes, wrestling with him as she was taken down, and biting him as he tried to restrain her all constituted a continuing course of conduct. The conduct involved one location, the same victim, and a brief time period. Accordingly, the trial court properly refused to give a Petrich instruction.

---

[2] State v. Petrich, 101 Wn.2d 566, 683 P.2d 173 (1984), overruled on other grounds by State v. Kitchen, 110 Wn.2d 403, 405–06, 756 P.2d 105 (1988).

Double Jeopardy

Harris also argues that her convictions for third degree assault and obstructing a law enforcement officer violate double jeopardy. The guaranty against double jeopardy in the United States and Washington Constitutions protects against multiple punishments for the same offense. State v. Calle, 125 Wn.2d 769, 776, 888 P.2d 155 (1995). The State is permitted to file and prosecute multiple counts where the evidence supports the charges, as long as convictions are not entered in violation of double jeopardy protections. Calle, 125 Wn.2d at 777 n.3. Harris contends that the jury should have been instructed that it was required to find "separate and distinct acts" as the basis for the third degree assault and obstruction convictions.

In analyzing whether a crime falls within the prohibition against double jeopardy, Calle sets forth a three-part test to determine whether multiple punishments were intended by the legislature. Calle, 125 Wn.2d at 776. First, the court examines the statutory language to determine if the applicable statutes expressly permit punishment for the same act or transaction. State v. Smith, 177 Wn.2d 533, 545, 303 P.3d 1047 (2013) (quoting State v. Hughes, 166 Wn.2d 675, 681, 212 P.3d 558 (2009)); Calle, 125 Wn.2d at 776; State v. Martin, 149 Wn. App. 689, 698, 205 P.3d 931 (2009).

Second, if the relevant statutes do not reveal an express intent to impose multiple punishments, Washington courts apply a "same evidence test" that is similar to the rule set forth in Blockburger v. United States, 284 U.S 299, 304, 52 S. Ct. 180, 6 L. Ed. 306 (1932), i.e., offenses are the "same offense" for purposes of double jeopardy when the crimes are the same in fact and in law. State v. Vladovic, 99 Wn.2d 413, 423, 662 P.2d 853 (1983). "Offenses are the same in fact when they arise from the same act

or transition. They are the same in law when proof of one offense would also prove the other." Martin, 149 Wn. App. at 699 (citing Calle 125 Wn.2d at 777-78.)

Third, when two offenses satisfy the Blockburger "same evidence" test, courts look for any evidence of contrary legislative intent that would rebut the presumption that multiple convictions are appropriate. In instances where the degree of one offense is elevated by conduct constituting a separate offence, "the merger doctrine may help determine legislative intent . . . ." State v. Kier, 164 Wn.2d 798, 804, 194 P.3d 212 (2008) (citing Vladovic, 99 Wn.2d at 419).

At issue here is the second prong, the same evidence test. As charged and proved in this case, the jury found that Harris committed the crime of third degree assault because she assaulted a law enforcement officer who was performing his official duties at the time of the assault. RCW 9A.36.031(1)(g). An assault is an unlawful touching that is harmful or offensive. State v. Jarvis, 160 Wn. App. 111, 117-18, 246 P.3d 1280 (2011). In contrast, a person commits the crime of obstructing a law enforcement officer if that person "willfully hinders, delays or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020(1).

These two offenses are not the same in law or in fact. State v. Nystra, 168 Wn. App. 30, 275 P.3d 1162 (2012). Third degree assault contains an assault element, while obstructing contains a hinder, obstruct, or delay element. Because each offense contains an essential element the other does not, they are not the same in law for double jeopardy purposes. Nor are they the same in fact. To prove third degree assault, the State must prove a harmful or offensive touching against a law enforcement

officer who was performing his or her duties. No proof of hindrance or delay of those duties is required. But to prove obstructing, the State must prove that the defendant willfully engaged in conduct that hindered, delayed, or obstructed the officer in the discharge of his or her duties. No proof of touching is required. That each offense requires proof of facts that the other does not, demonstrates they are not the same in fact. Harris establishes no double jeopardy violation.[3]

## Statement of Additional Grounds

In a statement of additional grounds, Harris challenges the sufficiency of the evidence. The test for reviewing a defendant's challenge to the sufficiency of evidence in a criminal case is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable double. State v. Montgomery, 163 Wn.2d 577, 586, 183 P.3d 267 (2008). Issues of conflicting testimony, witness credibility, and persuasiveness of the evidence are matters within the province of the trier of fact. State v. Truong, 168 Wn. App. 529, 534-35, 277 P.3d 74 (2012). We do not disturb credibility determinations on appeal. State v. Camarillo, 155 Wn.2d 60, 71, 794 P.2d 850 (1990).

---

[3] We note Harris provides no evidence that the legislature did not intend to punish these two offenses separately. And her reliance on State v Borsheim, 140 Wn. App. 357, 165 P.3d 417 (2007), and State v. Noltie, 116 Wn.2d 831, 809 P.2d 190 (1991), is not persuasive. Unlike here, the defendants there were charged with multiple counts of the same crime based on multiple separate acts. See Borsheim, 140 Wn. App. at 366-67 (separate and distinct language necessary where defendant charged with four counts of first degree rape of a child to ensure that jury did not convict defendant of more than one count based on a single act); Noltie, 116 Wn.2d at 843 (instruction that jury must "'unanimously agree that at least one separate act of sexual intercourse pertaining to each count has been proved . . .'" was appropriate where defendant was charged with two identical counts of statutory rape).

To prove third degree assault, the State had to prove that Harris assaulted a law enforcement officer who was performing his or her official duties at the time of the assault. RCW 9A.36.031(1)(g). Assault is an unlawful touching that is harmful and offensive. Jarvis, 160 Wn. App. at 117-18. To prove obstruction, the State had to prove that Harris "willfully hinders, delays or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020(1). Officer Doherty testified that Harris swung her shoes at him, grabbed him, and bit him in the webbing of his hand. Harris testified that she did not recall what happened but remembered struggling on the ground with Officer Doherty. When viewed in a light most favorable to the State, sufficient evidence supports the third degree assault and obstruction convictions.

Harris's challenges are really challenges to the credibility of the witnesses and thus not reviewable.

## CONCLUSION

For the reasons discussed above, we affirm.

WE CONCUR: