IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32014-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAMIAN T. JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J.– Damian T. Johnson appeals his convictions for first and second

degree assault against brothers Denis and Aleksey Kozubenko.[1] Mr. Johnson contends

the trial court erred by instructing on transferred intent when Mr. Johnson shot at Denis

in a truck driven by Aleksey. We disagree. Additionally, we accept the State's

sentencing error concessions regarding Mr. Johnson's offender score calculation and

concerning an unpermitted lifetime no-contact order for the victim of the second degree

assault, a class B felony. Accordingly, we affirm but remand for resentencing.

FACTS

Aleksey and Denis arranged a drug purchase from Mr. Johnson. Aleksey drove

to the meeting spot and stayed in the truck while Denis went to make the purchase

inside Mr. Johnson's vehicle. After the exchange, Denis got out and started walking

---

[1] First names are used to differentiate between the brothers.

back to the pickup. Believing he had been underpaid, Mr. Johnson pulled out a gun and yelled at Denis to get back in the car, but he instead ran to the pickup; Mr. Johnson began shooting at Denis. Denis got in the pickup and told Aleksey to drive away. Mr. Johnson shot at the truck as it sped away. Bullets hit the truck, but not the men. They reported the incident to the police who arrested Mr. Johnson. The State charged Mr. Johnson with two counts of attempted first degree murder, or, in the alternative, two counts of first degree assault.

Over Mr. Johnson's objection, the court instructed the jury, "If a person acts with intent to kill or assault another, but the act harms a third person, the actor is also deemed to have acted with intent to kill or assault the third person." Clerk's Papers (CP) at 148 (jury instruction no. 14). A jury found Mr. Johnson guilty of first degree assault of Denis and the lesser included offense of second degree assault of Aleksey. The court sentenced Mr. Johnson to 285 months including two sentence enhancements for being armed with a firearm based on an offender score of 6. The offender score included a point for being on probation for a federal offense at the time of the offense. The court imposed a lifetime no-contact order for both men. Mr. Johnson appealed.

## ANALYSIS

### A. Transferred Intent

The issue is whether the trial court denied Mr. Johnson his due process rights by giving a transferred intent jury instruction. Mr. Johnson contends transferred intent does

2

not apply in this case because Aleksey was not injured and the instruction relieved the State of its burden of proof by creating an improper mandatory presumption.

We review alleged due process violations de novo. *Post v. City of Tacoma*, 167 Wn.2d 300, 308, 217 P.3d 1179 (2009). We review a challenged jury instruction de novo in the context of the instructions as a whole. *State v. Castillo*, 150 Wn. App. 466, 469, 208 P.3d 1201 (2009). Instructions must convey to the jury that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt. *State v. Bennett*, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007). Instructions must properly inform the jury about the applicable law and not mislead the jury. *Id.*

The relevant second degree assault elements are (1) an assault and (2) intent to commit a felony. RCW 9A.36.021(1)(e). Washington recognizes three definitions of assault: "'(1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm.'" *State v. Aumick*, 126 Wn.2d 422, 426 n.12, 894 P.2d 1325 (1995) (quoting *State v. Walden*, 67 Wn. App. 891, 893-94, 841 P.2d 81 (1992)).

Under the transferred intent doctrine, once the intent to inflict harm on a first victim is established, the mens rea transfers to any other inadvertent victim harmed by that intent. *State v. Clinton*, 25 Wn. App. 400, 403, 606 P.2d 1240 (1980). "Moreover, transferred intent is applicable to second degree assault charges involving an accidental

or unintended victim." *State v. Wilson*, 113 Wn. App. 122, 131, 52 P.3d 545 (2002).

Under the principle of transferred intent embodied in RCW 9A.36.011, an assault "does

not, under all circumstances, require that the specific intent match a specific victim."

*State v. Elmi*, 166 Wn.2d 209, 216, 207 P.3d 439 (2009).

In *Elmi*, our Supreme Court affirmed the defendant's convictions for first degree

assault against three unintended victims. There, the defendant fired shots into a house

where his estranged wife was staying with three children. *Id.* at 212. The jury convicted

him on four counts of first degree assault. *Id.* at 213. The defendant argued the State

did not prove specific intent to assault the children. *Id.* at 214. The court disagreed,

holding where a defendant intends to shoot into and to hit someone occupying a house

or a car, the defendant bears the risk of multiple convictions when multiple victims are

present, regardless of whether the defendant knows of their presence. *Id.* at 218.

Mr. Johnson argues the evidence establishes he was aware of but one victim of

his assault. He asks us to apply the dissent's position in *Elmi*, that transferred intent

should apply solely to those assaults where an actual battery exists against an

unintended victim. Thus, Mr. Johnson argues charging should be limited to the assault

against Denis. We reject his argument for two reasons.

First, unlike *Elmi*, the evidence shows Mr. Johnson was aware of Aleksey's

presence because somebody other than Denis was driving the truck. Thus, unlike *Elmi*,

the jury could find from the evidence that Mr. Johnson intended to cause great bodily

harm to both men. Since multiple shots were fired in the truck's direction, the jury could

4

have reasonably inferred Mr. Johnson saw and intended to inflict great bodily harm upon both victims. Finally, Mr. Johnson never presented evidence or argument distinguishing between intended and unintended victims.

Second, the *Elmi* court decided intent to cause great bodily harm can transfer from an intended victim to an uninjured, unintended victim. We may not disregard directly controlling authority of the Supreme Court majority in favor of a dissenting opinion that Mr. Johnson concludes is better reasoned. *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 578, 146 P.3d 423 (2006). Accordingly, transferred intent was properly presented to the jury.

Next, Mr. Johnson argues the transferred intent instruction is unconstitutional because it contains a mandatory presumption. Mandatory presumptions violate a defendant's due process right if they relieve the State of its obligation to prove all elements of the charged crime. *State v. Deal*, 128 Wn.2d 693, 699, 911 P.2d 996 (1996). A mandatory presumption is one that requires a jury "to find a presumed fact from a proven fact." *Id.*

In *State v. Shipp*, 93 Wn.2d 510, 514-15, 610 P.2d 1322 (1980), the court held unconstitutional an instruction that created a mandatory presumption that if the jury found the defendant had information which would impart knowledge to a reasonably knowledgeable person, the defendant had knowledge. The court concluded a definition of constructive knowledge can solely be constitutional if the jury is permitted but not required to find knowledge if the jury finds the defendant had information which would

5

lead a reasonable person in the same situation to believe that the relevant facts exist. *Id.* at 516.

Here, the court instructed the jury, "If a person acts with intent to kill or assault another, but the act harms a third person, the actor is also deemed to have acted with intent to kill or assault the third person." CP at 148. The instruction uses the word "if" not "shall," so there must first be a finding of the required mens rea and then that mens rea transfers to a third person. A knowledge instruction is proper when the offense has a single mens rea. *State v. Sibert*, 168 Wn.2d 306, 316-17, 230 P.3d 142 (2010). Accordingly, no mandatory presumption relieved the State of its burden of proving the mens rea for the assault concerning Aleksey.

## B. Conceded Sentencing Errors

Mr. Johnson contends and the State correctly concedes the sentencing court erred (1) by adding a point to his offender score because he was still on community custody for a prior federal offense and (2) by imposing a lifetime no-contact order for Aleksey when the maximum sentence for second degree assault is 10 years.

This court has previously determined that the one-point enhancement to the offender score when a crime is committed while the offender is on "community custody" applies solely to supervision required by a conviction under Washington's Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *State v. King*, 162 Wn. App. 234, 240, 253 P.3d 120 (2011). The federal probation to which Mr. Johnson was subject when he committed these crimes should not have added one point to the offender score.

6

Because his offender score is less than nine, the court's miscalculation affected Mr. Johnson's standard range; thus, resentencing is necessary. *See State v. McCorkle*, 137 Wn.2d 490, 496-97, 973 P.2d 461 (1999) (remand necessary to correct offender score and resentence within the appropriate range).

Next, a sentencing court may not impose crime-related prohibitions, including no-contact provisions, for a period of time longer than the statutory maximum sentence for the crime. *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008). Second degree assault is a class B felony. RCW 9A.36.021(2). Class B felonies have a statutory maximum punishment of 10 years. RCW 9A.20.021(1)(b). Thus, the court's lifetime no-contact order regarding Aleksey exceeds the statutory maximum. This can be corrected on resentencing.

Conviction affirmed; sentence vacated and remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

7