IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) ) ) | No. 82637-9-I |
| ROBERT SPENCER ROSE, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | |

VERELLEN, J. — Robert Rose filed a personal restraint petition (PRP) requesting resentencing. He alleges his convictions for second degree assault, first degree robbery, and first degree kidnapping were entered in violation of the Double Jeopardy clause. Because the convictions for robbery and kidnapping do not merge as a matter of law and because the independent purpose exception applies to at least one of multiple assaults distinct from robbery or kidnapping, his arguments fail.

Therefore, we deny his petition.

FACTS[1]

In December of 2011, Rose and six others invaded Louis and Susan Munsen's house in order to find two men, Ethan Mattox and Jeffrey Brinkley, who

---

[1] The State argues Rose is not permitted to support his petition with evidence not before the trial court. An offender who pleads guilty limits their ability to make a collateral attack on double jeopardy grounds, Matter of Schorr, 191 Wn.2d 315, 324, 422 P.3d 451 (2018), because a guilty plea "is an 'admission that

had disrespected one of Rose's associates during a drug deal. Louis was home, and Susan was out.[2] Rose and his accomplices were armed with guns and wore Kevlar protective clothing.[3] They held Louis at gunpoint, required that he remain seated on his sofa, and demanded to know where they could find Mattox and Brinkley. They ordered Louis to call the two men and have them come to the house. Louis attempted repeatedly to call Brinkley, but he did not answer for a few hours. During this time, Rose or one of his accomplices poked Louis in the chest with a rifle while yelling that "he should kill him."[4]

Susan eventually returned home and was ordered at gunpoint to remain seated with Louis. They were not allowed to leave or even to move around their

---

he committed the crime charged against him,'" United States v. Broce, 488 U.S. 563, 570, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) (quoting North Carolina v. Alford, 400 U.S. 25, 32, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)), and "serve[s] as a relinquishment of [his] opportunity to receive a factual hearing on a double jeopardy claim," id. at 573. Thus, an offender collaterally attacking a guilty plea on double jeopardy grounds cannot supplement the record, In re Pers. Restraint of Francis, 170 Wn.2d 517, 530, 242 P.3d 866 (2010) (citing State v. Knight, 162 Wn.2d 806, 811, 174 P.3d 1167 (2008)), and must rely upon only the record before the trial court, Schorr, 191 Wn.2d at 324. Therefore, we decline to consider the factual information from Rose's accomplice's trial in State v. Brown, No. 70148-7-I, slip op. (Wash. Ct. App., July 27, 2015), www.courts.wa.gov/opinions/pdf/701487.pdf, and we decline to consider the affidavit Rose swore out to support his petition. Because the information in the sentencing transcript is, as the State noted at oral argument, duplicative of the information already before the trial court, it is immaterial whether Rose can submit the transcript with this petition. Thus, we rely upon the facts admitted as true before the trial court.

[2] We refer to Louis and Susan by their first names because they have the same last name.

[3] Although "accomplice" is a legal conclusion, we use the term because Rose pleaded guilty to committing robbery and assault as an accomplice.

[4] Personal Restraint Petition (PRP), App. B at 2.

own house.  They were afraid to raise their heads.  Rose and the others again demanded that they convince Mattox and Brinkley to come to the house.  During this time, Rose and the others found the Munsens' address book and said they would take it to find and kill the Munsens' friends and family if the Munsens cooperated with the police.  They also took Louis's watch and wallet, which had been on his person.

Rose and his accomplices were eventually arrested.  Rose was initially charged with seven crimes that each carried a firearm enhancement.  In exchange for pleading guilty, the State reduced his charges to first degree kidnapping, first degree robbery, first degree burglary, and second degree assault.  Only the assault charge carried a firearm enhancement.  Rose pleaded guilty in October of 2012.  The court sentenced him to a total of 216 months' incarceration: 180 months for the kidnapping conviction served concurrently with the other terms and 36 months for the firearm enhancement on the assault conviction.

In May of 2021, Rose filed a PRP, alleging violations of his right against double jeopardy.

ANALYSIS

As a threshold matter, Rose filed his petition outside the one-year time limit set by RCW 10.73.090.  But a PRP alleging a double jeopardy violation alone is exempt from that time limit regardless of whether the petitioner would

prevail.[5]  Because Rose alleges only double jeopardy violations, we consider the merits of the petition.

Rose contends the trial court erred and violated the Constitution by imposing multiple punishments for the same act.  The constitutional prohibition on double jeopardy protects a defendant from facing multiple punishments for the same offense.[6]  We review double jeopardy allegations de novo as a question of law.[7]

Washington uses a four-step analysis to determine whether the double jeopardy clause prohibits a particular punishment.[8]  The parties do not dispute that the first two steps, an examination of legislative intent and application of the Blockburger[9] test, do not resolve this issue.  Thus, they focus on the third and fourth steps: whether Rose's convictions merge and if an independent purpose or effect prevents merger.

---

[5] Schorr, 191 Wn.2d at 320 (citing RCW 10.73.100(3)); In re Pers. Restraint of Yung-Cheng Tsai, 183 Wn.2d 91, 99-108, 351 P.3d 138 (2015)).

[6] State v. Muhammad, 194 Wn.2d 577, 616, 451 P.3d 1060 (2019) (quoting Whalen v. United States, 445 U.S. 684, 688, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980)).

[7] Matter of Pers. Restraint of Knight, 196 Wn.2d 330, 336-37, 473 P.3d 663 (2020) (citing State v. Hughes, 166 Wn.2d 675, 681, 212 P.3d 558 (2009)).

[8] Id. at 336-37.

[9] Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

The merger doctrine is based upon double jeopardy principles.[10] It is a "'doctrine of statutory interpretation used to determine whether the Legislature intended to impose multiple punishments for a single act [that] violates several statutory provisions.'"[11] Under the merger doctrine, when a separate crime raises the degree of another charged offense, we presume the legislature intended to punish both offenses by imposing a greater sentence for the greater crime.[12]

Rose argues the kidnapping conviction must be vacated because it merges with the robbery conviction. But our Supreme Court has held that kidnapping and robbery do not merge because they are different offenses as a matter of law.[13] Although Rose asserts this general rule does not apply because a recent case, State v. Berg,[14] is factually distinguishable, he fails to explain why we are not bound by earlier decisions reaching the same conclusion.[15] Rose's convictions for robbery and kidnapping do not merge.

---

[10] State v. Berg, 181 Wn.2d 857, 864, 337 P.3d 310 (2014) (citing U.S. CONST. amend. V).

[11] In re Pers. Restraint of Fletcher, 113 Wn.2d 42, 50-51, 776 P.2d 114 (1989) (quoting State v. Vladovic, 99 Wn.2d 413, 419 n.2, 662 P.2d 853 (1983)).

[12] Knight, 196 Wn.2d at 337 (quoting State v. Freeman, 153 Wn.2d 765, 772-73, 108 P.3d 753 (2005)).

[13] State v. Louis, 155 Wn.2d 563, 569-71, 120 P.3d 936 (2005) (citing Vladovic, 99 Wn.2d at 423-24; Fletcher, 113 Wn.2d at 50).

[14] 181 Wn.2d 857, 337 P.3d 310 (2014).

[15] E.g., Louis, 155 Wn.2d at 569-71 (citing Vladovic, 99 Wn.2d at 423-24; Fletcher, 113 Wn.2d at 50).

Rose contends the assault conviction and its related firearm enhancement must be stricken because it merges into either the kidnapping or the robbery conviction. He explains they merge because "the assault provided the 'force' necessary to elevate the degrees of kidnapping and robbery to first degree."[16] The State argues the assault conviction does not merge because the "independent purpose" exception applies.[17] Because Rose and his accomplices committed at least two different assaults with independent purposes against Louis and Susan, we agree with the State.

A lesser crime does not merge into a greater crime and can be punished separately where the specific facts show "'an independent purpose or effect to each'" offense.[18] "'To establish an independent purpose or effect of a particular crime, that crime must injure the person or property of the victim or others in a separate and distinct manner from the crime for which it also serves as an element.'"[19] We consider the elements of the crimes as charged and supported on the record before the trial court to determine whether an offense had an independent purpose.[20]

---

[16] PRP at 27.

[17] Resp't Br. at 13-16, 18-19.

[18] Knight, 196 Wn.2d at 337-38 (quoting Freeman, 153 Wn.2d at 773).

[19] Id. at 338 (internal quotation marks omitted) (quoting State v. Arndt, 194 Wn.2d 784, 819, 453 P.3d 696 (2019)).

[20] Schorr, 191 Wn.2d at 324; State v. Knight, 176 Wn. App. 936, 952, 309 P.3d 776 (2013) (citing Freeman, 153 Wn.2d at 777).

The State alleged Rose committed second degree assault with a firearm when he intentionally assaulted Louis and Susan with a firearm. It alleged he committed first degree kidnapping when he intentionally abducted Louis and Susan "with intent to facilitate the commission of a felony and flight thereafter and [to] inflict extreme mental distress on that person or a third person."[21] And it alleged he committed first degree robbery when, "with the intent to commit theft," he "did unlawfully take [the] personal property of another . . . from the person or in the presence of [Louis and Susan], against such person's will, by use or threatened use of immediate force, violence, and fear of injury to [Louis and Susan]."[22]

The record reveals numerous assaults, and at least one assault had an independent purpose from the kidnapping and the robbery. After Susan came home, she and Louis were held at gunpoint and forced to remain seated on their sofa without leaving or moving around their house. This assault[23] furthered both the robbery and kidnapping crimes. It restricted the victims' movements without consent or authority through the threatened use of deadly force, thus constituting

---

[21] PRP, App. F at 1.

[22] Id.

[23] State v. Kier, 164 Wn.2d 798, 806, 194 P.3d 212 (2008) ("One common law form of assault involves putting another in apprehension or fear of harm, regardless of whether the actor intends to inflict or is incapable of inflicting such harm.") (citing State v. Walden, 67 Wn. App. 891, 893-94, 841 P.2d 81 (1992); State v. Wilson, 125 Wn.2d 212, 218, 883 P.2d 320 (1994)); RCW 9A.36.021(1)(c) ("A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree: . . . (c) Assaults another with a deadly weapon.").

statutory abduction and enabling the kidnapping.[24]  And while holding the

Munsens at gunpoint, Rose and his accomplices took the Munsens' address

book and Louis's watch and wallet.  This constituted first degree robbery as

charged.[25]

   But Rose or an accomplice committed a distinct assault before Susan

came home.  Rose or an accomplice "poked [Louis] in the chest with what [Louis]

believed was an automatic rifle[,] yelling at him that he should kill him."[26]  This

constituted second degree assault with a firearm as charged by the State,

unrelated to the kidnapping or robbery.[27]  Because, at the very least, the assault

of Susan and Louis together was clearly distinct in time and manner from the

assault on Louis alone with the rifle, the independent purpose exception

---

[24] See RCW 9A.40.010(1), (6) (defining "abduct" and "restrain"); RCW 9A.40.020(1) ("A person is guilty of kidnapping in the first degree if he or she intentionally abducts another person with intent: . . . (b) To facilitate commission of any felony or flight thereafter; or . . . (d) To inflict extreme mental distress on him, her, or a third person."); PRP, App. F at 1 (kidnapping charge).

[25] See PRP, App. F at 1 (robbery charge); RCW 9A.56.190 ("A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone."); RCW 9A.56.200(1)(a)(i) ("A person is guilty of robbery in the first degree if: (a) in the commission of a robbery . . . he or she: (i) Is armed with a deadly weapon.").

[26] PRP, App. B at 2.

[27] See PRP, App. F at 2 (assault charge); Kier, 164 Wn.2d at 806 (defining common law assault) (citing Walden, 67 Wn. App. at 893-94; Wilson, 125 Wn.2d at 218); RCW 9A.36.021(1)(c) (defining statutory assault).  Although the information charges Rose with assaulting both Louis and Susan, a crime charged in the conjunctive is proven when the evidence shows the crime was committed by any of the ways charged.  State v. Munson, 120 Wn. App. 103, 107, 83 P.3d 1057 (2004) (quoting State v. Dixon, 78 Wn.2d 796, 802, 479 P.2d 931 (1971)).

applies.[28]  Rose's merger argument fails because this assault had an independent purpose from the kidnapping and from the robbery.

The assault conviction does not merge with the robbery or kidnapping convictions.[29]  Rose fails to establish a double jeopardy violation.

Therefore, we deny the petition.

_____

WE CONCUR:

_____     _____

---

[28] Knight, 196 Wn.2d at 338 (quoting Arndt, 194 Wn.2d at 819).

[29] Id. at 337-38 (citing Freeman, 153 Wn.2d at 773).