IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40355-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| C.V.† | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — The juvenile court adjudicated C.V.[1] guilty of four

counts of assault in the fourth degree. C.V. challenges two of these convictions and

argues the State presented insufficient evidence that he intended to hit his brother or his

sister with the front door as he yanked it open. We agree, and reverse and remand to

dismiss both assault convictions with prejudice.

FACTS

C.V. was in his room arguing with his stepmother when his father entered. C.V.

became angry with his father and punched him a couple times, including in his kidney.

Injured, his father retreated down the hallway and outside through the front door.

---

† We have changed the case title in accordance with an amendment to RAP 3.4 and the General Order for the Court of Appeals, *In re Changes to Case Title* (Wash. Ct. App. 2018), both effective September 1, 2018.

[1] There are a number of minors involved in this dispute. We refer to them by their initials to protect their privacy.

C.V. pursued his father, but his stepmother, brother R.P., and sister A.V., attempted to stop him. In the process, C.V. hit his stepmother in the stomach.

As C.V. approached the front door, R.P. tried to hold the door shut, but because one of his arms was in a cast, he was unable to hold the door closed for long. R.P. extended his casted arm to protect his sister's head from being hit by the door as C.V. yanked it open. However, the door hit both R.P.'s casted arm and A.V.'s head.

C.V. then began repeatedly punching his injured father. C.V.'s stepmother pleaded for him to stop, saying she had 911 on the phone. As the ambulance approached, C.V. ran away.

By amended information, the State charged C.V. with four counts of fourth degree assault. The State presented the testimonies of the father, the stepmother, the brother, and the sister. In closing, the prosecutor argued that C.V. assaulted his two siblings when C.V. yanked the door open. After hearing the evidence, the juvenile court entered an adjudication of guilty as to each of the four charges.

C.V. appeals to this court.

ANALYSIS

C.V. challenges the sufficiency of the evidence supporting his assault convictions against R.P. and A.V. He argues the State presented insufficient evidence that he intended the door to hit his brother's extended arm or his sister's head. We agree.

2

No. 40355-6-III
*State v. C.V.*

*Standard of review*

We review challenges to the sufficiency of the evidence for whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014). "An appellant claiming insufficiency of the evidence admits the truth of the State's evidence and all inferences reasonably drawn from it." *State v. Jarvis*, 160 Wn. App. 111, 119, 246 P.3d 1280 (2011).

*Fourth degree assault*

"A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." RCW 9A.36.041(1). Although the statute does not define "assault," the common law does. "'Assault is an intentional touching or striking of another person that is harmful or offensive, regardless of whether it results in physical injury.'" *Jarvis*, 160 Wn. App. at 119 (quoting *State v. Tyler*, 138 Wn. App. 120, 130, 155 P.3d 1002 (2007)). "In Washington, the common law definition of 'assault' encompasses '(1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is capable of inflicting that harm.'" *Jarvis*, 160 Wn. App. at 117-18 (footnote omitted) (quoting *State v. Walden*, 67 Wn. App. 891, 893-94,

3

841 P.2d 81 (1992)). A touching is unlawful when it was neither legally consented to nor otherwise privileged, and it was harmful or offensive. *Id.* at 118. "[T]he intent required for assault is merely the intent to make physical contact with the victim, not the intent that the contact be a malicious or criminal act." *Id.* at 119.

Three family members testified about the two challenged assaults—C.V.'s stepmother, his brother, and his sister. His stepmother provided the most complete description of what happened. According to her: "[R.P.] was holding [the door], but he had a broken arm, and then [C.V.] slammed the door open and hit his sister in the head with it." Rep. of Proc. at 79. The stepmother clarified she was not inside but was outside holding the door until she let go to call 911.

R.P. testified he had extended his casted arm to protect his sister's head from being hit by the door. A.V. testified she believed C.V. did not intend to hit her head with the door.

Viewed in the light most favorable to the State, we conclude that no rational trier of fact could have found the required element of intent against either sibling proved beyond a reasonable doubt. The State presented no evidence to support a reasonable inference that C.V. intended for the door to hit his brother's extended arm or that C.V. intended for the door to hit his sister's head. The only reasonable inference of C.V.'s intent was his intent to yank open the door so he could continue attacking his father.

No. 40355-6-III
*State v. C.V.*

We reverse and remand for the trial court to dismiss the two assault convictions with prejudice.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____          _____
Staab, J.                                 Cooney, J.