[No. 12116-0-III.    Division Three.    March 17, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. BRUCE WAYNE AUMICK, *Appellant*.

*Gary G. McGlothlen* and *McGlothlen Law Office,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Ruth Reukauf, Deputy,* for respondent.

SWEENEY, J. — Bruce Wayne Aumick appeals a jury conviction of first degree burglary and attempted first degree rape. He contends (1) the court erred in refusing to instruct the jury that fourth degree assault is a lesser included offense of attempted first degree rape; and (2) the court's instructions failed to inform the jury that "intent" and "substantial step" are elements of the crime of attempt. We reverse and remand for retrial.

### FACTUAL BACKGROUND AND PROCEDURAL POSTURE

At about 6 p.m. on June 19, 1991, Mr. Aumick completed his annual National Guard field training in Yakima. He spent the remainder of the evening and night drinking. Because of heavy rain and mud at the training location, Patrick Froslie invited several of the National Guard section chiefs, including Mr. Aumick, to spend the night at a vacant apartment in a complex he managed. After a midnight breakfast, Mr. Froslie gave Mr. Aumick a master key to the apartment complex and told him to use apartment 33. Mr. Aumick went to the apartment and later walked to

a 7-Eleven store. At about 3 a.m. he returned to the apartment complex. Using the master key, he entered apartment 22 where Kelly Jo Muth and her daughter were asleep. He did not know Ms. Muth.

Mr. Aumick entered the apartment and undressed. Ms. Muth awoke and screamed when she saw him. Mr. Aumick held his hand over her mouth and told her to be quiet. According to Ms. Muth, Mr. Aumick climbed on top of her, tried to kiss her and reached for her panties. Ms. Muth's daughter awoke. Ms. Muth struggled and Mr. Aumick left the apartment. Ms. Muth telephoned the police and Mr. Aumick was arrested as he walked around the apartment complex. He had little recollection of the incident.

At trial, the court refused Mr. Aumick's proposed instruction which advised the jury that assault in the fourth degree is a lesser included offense of attempted first degree rape. The court concluded fourth degree assault is not a lesser included offense of attempted first degree rape because "attempted first degree rape could be committed without fourth degree assault being committed". The court did not instruct the jury that intent and substantial step are elements of attempt, but rather advised the jury that attempt means "taking a substantial step in the commission of a crime". Mr. Aumick was convicted of first degree burglary and attempted first degree rape. This appeal relates only to the conviction of attempted first degree rape.

## I

### LESSER INCLUDED OFFENSE INSTRUCTION

Mr. Aumick contends the court erred in refusing to instruct the jury that fourth degree assault is a lesser included offense of attempted first degree rape.

A defendant is entitled to an instruction on a lesser included offense if (1) each element of the lesser offense is a necessary element of the offense charged, and (2) the evidence in the case supports an inference that the lesser crime was committed. *State v. Pacheco*, 107 Wn.2d 59, 68-69, 726 P.2d 981 (1986); *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d

382 (1978). "While the lesser offense might not be a stated element of the greater offense, the lesser must at least be an 'inherent characteristic' of the greater one." *State v. Curran,* 116 Wn.2d 174, 183, 804 P.2d 558 (1991). A defendant is entitled to a lesser included offense instruction if the charged crime could not be committed without also committing the lesser offense. *Curran,* at 183.

■■ A person is guilty of assault in the fourth degree when "under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another." RCW 9A.36.041. The term assault is not defined in the criminal code. We therefore turn to the common law definition. *State v. Hupe,* 50 Wn. App. 277, 282, 748 P.2d 263, *review denied,* 110 Wn.2d 1019 (1988). Three definitions of assault are recognized in Washington:

> (1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor actually intends to inflict or is incapable of inflicting that harm.

*Hupe,* at 282; *see State v. Krup,* 36 Wn. App. 454, 458-60, 676 P.2d 507, *review denied,* 101 Wn.2d 1008 (1984). Fourth degree assault also includes an implied element of intent. *State v. Davis,* 119 Wn.2d 657, 662, 835 P.2d 1039 (1992); *State v. Robinson,* 58 Wn. App. 599, 606, 794 P.2d 1293 (1990), *review denied,* 116 Wn.2d 1003 (1991).

Rape does not require the element of intent. *State v. Walden,* 67 Wn. App. 891, 894, 841 P.2d 81 (1992). A person is guilty of first degree rape when

> such person engages in sexual intercourse with another person by forcible compulsion where the perpetrator or an accessory:
>
> . . . .
>
> (d) Feloniously enters into the building or vehicle where the victim is situated.

RCW 9A.44.040(1)(d). In *Walden,* the court noted that because "one cannot accidentally or innocently induce another person to engage in sexual intercourse by means of force or threat, there is no need to imply specific intent as an element

of the crime in order to prevent nonculpable conduct from being criminal". *Walden*, at 895 (citing *State v. Elmore*, 54 Wn. App. 54, 56-57, 771 P.2d 1192 (1989) (Legislature chose not to include a degree of culpability as an element of rape; instead, it specifically included lack of consent)). Conviction of rape, therefore, is possible without proof of any mental state. Assault, on the other hand, requires proof of intent. *Walden*, at 894.

■ But Mr. Aumick was charged with *attempted* rape in the first degree by forcible compulsion.[1] A person is guilty of an attempt to commit a crime if, "with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1); *State v. Falco*, 59 Wn. App. 354, 358, 796 P.2d 796 (1990). Unlike the crime of rape, attempted rape requires proof of a specific intent to rape. *See State v. Dunbar*, 117 Wn.2d 587, 591, 817 P.2d 1360 (1991) (defendant may be guilty of murder even though no actual intent to kill, but cannot be guilty of an attempt to murder unless there is specific intent to kill).

■ Fourth degree assault and attempted first degree rape both require proof of intent. Attempted first degree rape by forcible compulsion also requires a substantial step toward sexual intercourse using physical force or threat. The unlawful touching or the placing of the victim in apprehension of harm is a necessary element of attempted first degree rape by forcible compulsion. *State v. Roybal*, 82 Wn.2d 577, 583, 512 P.2d 718 (1973). The evidence required to establish attempted first degree rape would necessarily have included those elements required to establish fourth degree assault.

We next address whether the evidence supports an inference the lesser crime was committed. *Pacheco*, at 70. Mr. Aumick did not deny he was in Ms. Muth's apartment. He

---

[1]Forcible compulsion is defined as "physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped." RCW 9A.44.010(6).

testified that once in the apartment he heard a woman scream and a baby cry: "I remember covering the woman's mouth, trying to quiet her so nobody would hear me or hear us. I was scared." There is evidence to support an inference that the lesser crime of fourth degree assault was committed. The court therefore erred in refusing to give the proposed lesser included offense instruction.

## II

### ELEMENTS OF ATTEMPT INSTRUCTION

Mr. Aumick also contends the court erred in not instructing the jury that the crime of attempt includes the elements of intent and substantial step. *State v. Jackson*, 62 Wn. App. 53, 59, 813 P.2d 156 (1991). Mr. Aumick concludes the failure to so instruct was prejudicial constitutional error. The issue will be relevant on retrial.

The elements instruction for attempted rape given by the court required proof beyond a reasonable doubt:

(1) That on or about the 20th day of June, 1991, the defendant attempted to engage in sexual intercourse with Kelly Muth by forcible compulsion;

(2) That the defendant feloniously entered into the building where Kelly Muth was situated; and

(3) That the acts occurred in Yakima County, Washington.

The court further instructed that "[a]ttempt is defined as taking a substantial step in the commission of a crime. A substantial step is conduct which strongly indicates a criminal purpose and which is more than mere preparation." No instruction required proof of intent as an element of the attempted crime.

The State concedes that the failure to require proof of both intent and a substantial step for the crime of attempt was constitutional error. *Jackson*, at 59. *See* WPIC 100.01, 100.02. It argues, however, the error was harmless because (1) Mr. Aumick argued his theory of defense, and (2) the jury was required by the court's instructions to find that Mr. Aumick entered or remained with the intent to commit a crime in order to convict him for attempted first degree rape.

■ Failure to instruct the jury as to the intent element of a crime is harmless only if the defense theory of the case does not involve the element of intent. *Jackson*, at 60 (citing *State v. Smith*, 56 Wn. App. 909, 914, 786 P.2d 320 (1990)). Constitutional error is presumed to be prejudicial and requires reversal unless we are convinced beyond a reasonable doubt that the jury would have reached the same result absent the error. *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986). An instructional error is harmless only if it is "'trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case.'" (Italics omitted.) *State v. Stewart*, 35 Wn. App. 552, 555, 667 P.2d 1139 (1983) (quoting *State v. Wanrow*, 88 Wn.2d 221, 237, 559 P.2d 548 (1977)).

■ In *Stewart*, the court reversed a conviction after determining the jury may have regarded the elements instruction as a complete statement of the elements of the offense. As noted by the court, at page 555, a jury is not required to search for other instructions to see if another element should have been included in it.

Here, as in *Stewart*, no other instruction informed the jury that both intent and substantial step were required elements of an attempt to commit a crime. *Stewart*, at 555 (average juror does not understand as a matter of common knowledge that attempt contains the two separate elements). Mr. Aumick's intent was at issue because the crime of attempt required that the State prove Mr. Aumick had an intent to perform the specific act — rape.

The State relies on *State v. Stearns*, 119 Wn.2d 247, 830 P.2d 355 (1992). Its reliance is misplaced. The *Stearns* court held "[a]s long as the instructions properly inform the jury of the elements of the charged crime, any error in further defining terms used in the elements is not of constitutional magnitude." *Stearns*, at 250. The court here did not fully advise the jury of the elements of attempt. The failure to properly instruct the jury as to the elements of the crime

was not trivial or merely an academic matter. The error was not harmless.

Mr. Aumick's conviction is reversed and the matter is remanded for retrial. Because the State has failed to file a notice of cross appeal, we need not address whether the court erred in instructing the jury on voluntary intoxication. RAP 2.4(a).

Reversed and remanded.

THOMPSON, C.J., and MUNSON, J., concur.

Affirmed at 126 Wn.2d 422.