[No. 61873-9.   En Banc.   May 18, 1995.]

THE STATE OF WASHINGTON, *Petitioner*, v. BRUCE WAYNE AUMICK, *Respondent*.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Bruce Hanify, Deputy,* for petitioner.

*Gary G. McGlothlen,* for respondent.

ALEXANDER, J. — The State of Washington obtained review of a decision of the Court of Appeals reversing Bruce Wayne Aumick's conviction of attempted first degree rape. The State asserts that the Court of Appeals incorrectly concluded that the trial court committed reversible error in failing to instruct the jury that fourth degree assault was a lesser included offense of attempted first degree rape, and that intent is an element of attempt. We affirm the Court of

Appeals, concluding that the trial court erred in instructing as to the elements of attempt, and remand to the Superior Court for a new trial.

Bruce Wayne Aumick was charged in Yakima County Superior Court with attempted first degree rape and first degree burglary. Evidence introduced by the State at the ensuing jury trial disclosed that in the early morning hours of June 20, 1991, an uninvited male surreptitiously entered K.M.'s Yakima apartment. K.M., who was sleeping in a bed with her daughter when the intruder entered the apartment, said that she first became aware of the man's presence when she was awakened "because there was a hand . . . over my mouth".[1] According to K.M., the intruder was unclothed when she first became aware of his presence. She said that the man forced himself on top of her and began to kiss her and touch her "breasts and . . . stomach".[2] K.M. testified that "it was as if he was trying to make love to me".[3] She also indicated that "when he reached for my panties I got really scared".[4] Concerned for her child's safety, K.M. asked the intruder not to hurt her baby. The man responded by telling her to "shut up", at which point K.M.'s daughter sat upright in the bed.[5] The intruder then placed his hand on the back of the child's neck, pushing the child back onto the bed. K.M. began to fight with the man, whereupon he informed her that he was leaving. The man then secured his clothes and began to dress. As he was dressing, K.M. attempted to turn on a lamp which caused the intruder to take hold of K.M.'s hands and unscrew the light bulb with her hands. K.M. said that as he did this he was squeezing "[m]y hands — he was squeezing so tight . . . and knocked

---

[1]Report of Proceedings (RP), at 83.

[2]RP, at 85-87.

[3]RP, at 86.

[4]RP, at 86.

[5]RP, at 86, 88.

over the lamp and caught me right here".[6] The intruder then fled. K.M. immediately called the Yakima Police Department and reported the incident.

Shortly thereafter, Bruce Wayne Aumick was arrested approximately four blocks from K.M.'s residence. K.M. was then taken to the Yakima police station where she identified Aumick as the man who had entered her apartment. K.M. also identified Aumick at trial as her assailant.

Aumick testified at trial and indicated that he had been drinking heavily before the incident, and, as a consequence, could remember very little of it. He did recall a woman yelling or screaming, a baby crying, a brief struggle, and his act of covering a woman's mouth in an effort "to quiet her so nobody would hear me or hear us".[7] In response to a question from his counsel, "Did you intend to rape [K.M.]?", Aumick responded, "No, sir".[8]

Following the jury's verdict of guilty as to both charges, Aumick appealed only his conviction of attempted first degree rape. He claimed on appeal that the trial court erred in failing to instruct the jury that (1) fourth degree assault is a lesser included offense of attempted first degree rape, and (2) intent is an element of an attempt. The Court of Appeals, Division Three, reversed Aumick's conviction of attempted first degree rape, concluding that fourth degree assault is a lesser included offense of the charge of attempted first degree rape, and that the trial court erred in not so instructing the jury. Although not the primary basis for its decision to reverse Aumick's conviction, the Court of Appeals indicated that the trial court also erred in not instructing the jury that intent is an element of attempt, and that this was "relevant on retrial".[9]

---

[6]RP, at 89.

[7]RP, at 292.

[8]RP, at 302.

[9]*State v. Aumick*, 73 Wn. App. 379, 384, 869 P.2d 421 (1994).

## I

The State contends that the Court of Appeals erred in concluding that the trial court should have instructed the jury that fourth degree assault is a lesser included offense of attempted first degree rape. The right to an instruction on a lesser included offense is statutory.[10] The right arises from RCW 10.61.006, which provides:

> **Other cases—Included offenses.** In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information.

■ A defendant is entitled to an instruction on the elements of a lesser included offense when (1) each of the elements of the lesser offense is a necessary element of the offense charged (legal test); and (2) the evidence supports an inference that the lesser crime was committed (factual test).[11]

The Court of Appeals correctly determined that the factual test had been satisfied. Indeed, the State concedes that point. The concession is not surprising in light of evidence that showed that under any of the recognized definitions of assault,[12] Aumick assaulted K.M. as he tried to engage in sexual relations with her.

■■ It is the legal test of *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978) that is at issue in this case. In order for Aumick to have been entitled to an instruction on the elements of fourth degree assault, he had to establish

---

[10]*State v. Davis*, 121 Wn.2d 1, 4, 846 P.2d 527 (1993).

[11]*State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978).

[12]Because the term assault is not statutorily defined, Washington courts apply the common law definition to the crime. *State v. Walden*, 67 Wn. App. 891, 893, 841 P.2d 81 (1992). Three definitions of assault are recognized in Washington:

> (1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm.

*Walden*, 67 Wn. App. at 893-94.

that attempted first degree rape[13] cannot be committed without the claimed lesser included offense of fourth degree assault[14] also being committed.[15] Aumick cannot meet the legal test because one can commit an attempted rape without also committing fourth degree assault. This is true because a person with the requisite intent need only take a substantial step toward the commission of the intended crime to be guilty of criminal attempt. A "substantial step" is conduct strongly corroborative of the actor's criminal purpose.[16] For example, a person can commit first degree attempted rape by lying in wait, while armed with a deadly weapon, with the intent to engage in forcible sexual intercourse with an intended victim whose appearance the perpetrator expects. Similarly, one could attempt first degree rape by breaking into a residence, with the intent to rape the occupant of that residence, only to discover that no one is within the residence. In each case the perpetrator has taken a substantial step toward first degree rape without ever reaching the point of using force or engaging in any physical contact.

---

[13]"**Rape in the first degree.** (1) A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person by forcible compulsion where the perpetrator or an accessory:

"(a) Uses or threatens to use a deadly weapon or what appears to be a deadly weapon; or

"(b) Kidnaps the victim; or

"(c) Inflicts serious physical injury; or

"(d) Feloniously enters into the building or vehicle where the victim is situated.

"(2) Rape in the first degree is a class A felony." RCW 9A.44.040.

[14]"**Assault in the fourth degree.** (1) A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another.

"(2) Assault in the fourth degree is a gross misdemeanor." RCW 9A.36.041.

[15]*See State v. Harris*, 121 Wn.2d 317, 320, 849 P.2d 1216 (1993) ("[I]f it is possible to commit the greater offense without committing the lesser offense, the latter is not an included crime.").

[16]*Workman*, 90 Wn.2d at 451-52 (adopting Model Penal Code's definition); *accord State v. Smith*, 115 Wn.2d 775, 782, 801 P.2d 975 (1990).

Our decision here is consistent with our ruling in *State v. Harris*,[17] a case in which this court considered whether or not first degree assault is a lesser included offense of attempted first degree murder. We said there that a substantial step toward the commission of the offense need not be an overt act, but only behavior, like lying in wait, which is strongly corroborative of a criminal purpose.[18]

In reaching its decision, the Court of Appeals reasoned that the elements of fourth degree assault are necessarily included within attempted rape by forcible compulsion because:

> Attempted first degree rape by forcible compulsion also requires a substantial step toward sexual intercourse using physical force or threat. The unlawful touching or the placing of the victim in apprehension of harm is a necessary element of attempted first degree rape by forcible compulsion. The evidence required to establish attempted first degree rape would necessarily have included those elements required to establish fourth degree assault.

(Citation omitted.)[19] The above reasoning does not focus on the legal definition of the crime. While, as we have observed, the record shows that Aumick actually touched K.M., thus assaulting her, the offense of attempted first degree rape can be committed without a touching that amounts to an assault. In short, the legal prerequisite for the requested instruction is not present because the greater offense can be committed without committing the lesser offense. The trial court thus did not err in refusing to give the requested instruction.

## II

Although the Court of Appeals erred in concluding that fourth degree assault is a lesser included offense of attempted first degree rape, reversal of the trial court is

[17]121 Wn.2d 317, 849 P.2d 1216 (1993).

[18]*Harris*, 121 Wn.2d at 321.

[19]*State v. Aumick*, 73 Wn. App. 379, 383, 869 P.2d 421 (1994).

still required if the Court of Appeals correctly concluded that the trial court committed instructional error in defining the elements of attempt. We must, therefore, address Aumick's contention that the trial court erred in failing to instruct the jury that an attempt to commit a crime requires proof of intent.[20]

■■ Before addressing this issue, we take note of the fact that Aumick did not except to the trial court's instruction defining the elements of attempt. Arguably, this failure prevents him from raising the issue for the first time on appeal. Such a procedural defect precludes a defendant from raising claims of instructional error, such as the failure to instruct on lesser included offenses or the failure to define individual or technical terms in an instruction.[21] A defendant may, however, raise an error for the first time on appeal if it is of constitutional magnitude. This court has held that the failure to instruct the jury as to every element of the crime charged is constitutional error.[22] Additionally, this court and the Court of Appeals have repeatedly recognized that attempt consists of two elements: (1) intent, and (2) a substantial step.[23] "The requirements of due process usually are met when the jury is informed of all the ele-

---

[20]The trial court did instruct the jury that attempt is defined as "taking a substantial step in the commission of a crime". Instruction 18; Clerk's Papers, at 36.

[21]*See State v. Lord*, 117 Wn.2d 829, 880, 822 P.2d 177 (1991), *cert. denied*, 121 L. Ed. 2d 112 (1992).

[22]*State v. Scott*, 110 Wn.2d 682, 689-90, 757 P.2d 492 (1988); *accord State v. Fowler*, 114 Wn.2d 59, 69-70, 785 P.2d 808 (1990); *State v. Stearns*, 119 Wn.2d 247, 250, 830 P.2d 355 (1992).

[23]*See Harris*, 121 Wn.2d at 321; *State v. Smith*, 115 Wn.2d 775, 782, 801 P.2d 975 (1990); *State v. Nicholson*, 77 Wn.2d 415, 420, 463 P.2d 633 (1969) (construing prior statute which required intent and overt act); *State v. Christensen*, 55 Wn.2d 490, 490-91, 348 P.2d 408 (1960) (same); *State v. Vermillion*, 66 Wn. App. 332, 342, 832 P.2d 95 (1992), *review denied*, 120 Wn.2d 1030 (1993); *State v. Davidson*, 20 Wn. App. 893, 898, 584 P.2d 401 (1978), *review denied*, 91 Wn.2d 1011 (1979).

ments of an offense and instructed that unless each element is established beyond a reasonable doubt the defendant must be acquitted."[24] We agree with the Court of Appeals that the failure to instruct the jury that intent is an element of attempted rape is an error of constitutional magnitude.

■ The State, not surprisingly, concedes that the trial court erred in instructing on the elements of attempt. It argues, however, that the error was harmless. A constitutional error is harmless if the appellate court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result, despite the error.[25]

The State rests its harmless error argument primarily on its assertion that the jury was properly informed by several of the trial court's other jury instructions that intent was an element of attempt. The State points to instruction 7, setting forth the elements of first degree burglary. That instruction advised the jury that in order to convict, it had to find beyond a reasonable doubt that Aumick intended to commit a crime when he entered K.M.'s apartment. The State also notes that instruction 19, an instruction setting forth the elements of attempted first degree rape, informed the jury that "feloniously enters" means entry "into a building with the intent to commit a crime against a person or property therein".[26]

■ We agree with the Court of Appeals that the trial court's failure to include intent in the elements of attempt was not rendered harmless by these instructions. In short,

---

[24]*Scott*, 110 Wn.2d at 690.

[25]*State v. Hoffman*, 116 Wn.2d 51, 97, 804 P.2d 577 (1991) (citing *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986)); *State v. Jackson*, 62 Wn. App. 53, 60, 813 P.2d 156 (1991) (failure to instruct the jury as to the intent element of a crime can be harmless error only if the defense theory of the case does not involve the element of intent); *see also* WPIC 100.01 cmt. at 218.

[26]Clerk's Papers, at 37.

we are not convinced beyond a reasonable doubt that the jury would have reached the same result had the proper instruction been given. The only defense Aumick presented was that he did not intend to rape K.M. It is a stretch to say that the jury could glean from these other instructions that intent was an element of attempt. A jury is not required to search other instructions to see if another element should have been included in the instruction defining the crime.[27]

The State also argues that defense counsel was able to argue to the jury its theory that intent is an element of attempt. This contention is without merit. A jury should not have to obtain its instruction on the law from arguments of counsel. Indeed, the trial court correctly instructed the jury that it should "[d]isregard any remark, statement or argument that is not supported by the evidence or the law as stated by the court".[28]

The Court of Appeals decision reversing Aumick's conviction is affirmed. The case is remanded to the Superior Court for a new trial.

DURHAM, C.J., DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, and TALMADGE, JJ., and UTTER, J. Pro Tem., concur.

---

[27]*State v. Stewart*, 35 Wn. App. 552, 667 P.2d 1139 (1983).

[28]Instruction 1; Clerk's Papers, at 18.