# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46149-8-II |
| Respondent, | |
| v. | |
| APRIL HANCOCK, | PUBLISHED OPINION |
| Petitioner. | |

WORSWICK, J. — April Hancock appeals her conviction for one count of driving while license suspended or revoked[1] (DWLS), which offense she committed in a parking lot.  She argues that (1) DWLS must include all of the elements of driving without a license[2] (DWOL), including DWOL's element of driving "upon a highway "; (2) insufficient evidence supports her conviction because the State did not prove that she drove upon a highway; and (3) the jury instructions were erroneous because they did not include the "highway" element.  We disagree and affirm her conviction.

This case presents the issue of first impression whether the legislature added elements to an offense by stating that another offense is a lesser included offense of the first offense.  Specifically, we must decide whether the statute defining the crime of DWOL, which provides

---

[1] RCW 46.20.342(1).

[2] RCW 46.20.005.

that DWOL is a lesser included offense of DWLS, imports an additional element into the statute defining the crime of DWLS.

## FACTS

A Mason County sheriff's deputy observed April Hancock standing next to her car in the parking lot of a convenience store and gas station.  The sheriff recognized Hancock from a previous contact, searched her driving status in his computer, and determined that her driver's license was revoked.  He then observed Hancock's car backing up about 20 feet towards the gas pumps in the same parking lot.  The deputy stopped the car and saw that Hancock was indeed driving the vehicle.  The deputy never observed Hancock driving anywhere outside the parking lot.

At the time, Hancock's driver's license was revoked in the first degree.  The State charged Hancock with one count of first degree DWLS contrary to RCW 46.20.342(1)(a).

Hancock's case proceeded to the district court, where she moved to dismiss the charge. She argued that the statute defining DWOL imports the element of driving "'upon a highway'" into DWLS because the DWOL statute says that DWOL is a lesser included offense of DWLS. Clerk's Papers (CP) at 189-90.  Thus, she argued that because there was no evidence that she drove upon a highway, she could not be convicted.  The district court denied Hancock's motion to dismiss.

The district court also denied Hancock's proposed jury instruction including this element. The district court instead instructed the jury that DWLS occurs when a person, "having been found by the Department of Licensing to be a habitual traffic offender, drives a motor vehicle while an order of revocation is in effect."  CP at 111.

2

No. 46149-8-II

The jury found Hancock guilty of DWLS. Hancock appealed to the superior court, which affirmed her conviction. Hancock then moved for discretionary review in this court, which we granted. Order Granting Motion to Modify Ruling, *State v. Hancock*, No. 46149-8-II (Wash. Ct. App. Aug. 22, 2014).

## ANALYSIS

### I. STANDARD OF REVIEW

Both the superior court and we review the district court's decision under RALJ 9.1. *State v. McLean*, 178 Wn. App. 236, 242, 313 P.3d 1181 (2013), *review denied*, 179 Wn.2d 1026 (2014). We review questions of law de novo. *State v. Gresham*, 173 Wn.2d 405, 419, 269 P.3d 207 (2012).

We also review statutory interpretation de novo. *State v. Evans*, 177 Wn.2d 186, 191, 298 P.3d 724 (2013). When engaging in statutory interpretation, we endeavor to determine and give effect to the legislature's intent. *Evans*, 177 Wn.2d at 192. We determine the legislative intent by using the plain language of the statute whenever possible. *Evans*, 177 Wn.2d at 192. When examining plain language, we consider the specific text of the relevant provision, the context of the entire statute, any related provisions, and the statutory scheme as a whole. *Evans*, 177 Wn.2d at 192. If the statute is unambiguous after this reading, it requires no construction; we apply its plain language. *Evans*, 177 Wn.2d at 192. We neither add language to nor delete language from an unambiguous statute; instead, all language must be given effect, without rendering any part of the statute meaningless or superfluous. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003).

3

We attempt to construe potentially conflicting provisions in a way that harmonizes them and maintains their integrity when possible. *Anderson v. Dep't of Corr.*, 159 Wn.2d 849, 858-59, 154 P.3d 220 (2007). We presume that the legislature is familiar with judicial interpretations of statutes. *In re Dependency of M.P.*, 185 Wn. App. 108, 121, 340 P.3d 908 (2014). "If the legislature uses a term well known to the common law, it is presumed that the legislature intended it to mean what it was understood to mean at common law." *State v. Dixon*, 78 Wn.2d 796, 804, 479 P.2d 931 (1971). We presume that the legislature does not intend absurd results, so we avoid interpreting ambiguous language to produce such results. *State v. Ervin*, 169 Wn.2d 815, 823-24, 239 P.3d 354 (2010).

## II. STATUTORY HISTORY

The history of the frequent amendments to the two provisions at issue is important to understanding the statutory scheme. Originally, both DWLS and DWOL required proof that the defendant drove upon a "public highway." *See* LAWS OF 1967, ch. 167, § 7; LAWS OF 1961, ch. 134, § 1. In 1979, the legislature amended the DWLS statute, adding explicit language making DWOL a lesser included offense of DWLS. LAWS OF 1979 EXTRAORDINARY SESSION, ch. 136, § 62 (providing that DWOL, former RCW 46.20.021 (1979) was a "lesser included offense" of DWLS, former RCW 46.20.342 (1979)). In 1985, the legislature removed this express "lesser included offense" language from the DWLS statute, but added language to the DWOL statute, stating that DWOL was a lesser included offense of DWLS. LAWS OF 1985, ch. 302, §§ 2-3. In other words, the legislature retained the express statement that DWOL was a lesser included offense of DWLS, but moved the location of this statement. Thus, since 1985, the DWOL statute has provided that DWOL is a lesser included offense of DWLS. Then, as now, DWOL

was also expressly a lesser included offense of driving with a suspended or revoked out-of-state license.[3] *See* LAWS OF 1985, ch. 302, § 5; *see also* RCW 46.20.345.

In 1990, the legislature amended the DWLS statute to remove the highway element. Until this point, DWLS read: "Any person who drives a motor vehicle *on any public highway of this state . . . .*" *See* LAWS OF 1987, ch. 388, § 1 (emphasis added). The amended version read: "Any person who drives a motor vehicle *in this state. . . .*" LAWS OF 1990, ch. 210, § 5 (emphasis added). The DWLS statute has not since been amended in relevant part.

Finally, in 1997, the legislature divided the DWOL statute into two sections: a criminal section at issue here (RCW 46.20.005), and a separate traffic infraction section (former RCW 46.20.015 (1997)). The new criminal DWOL section retained the language requiring the defendant to drive "upon a highway in this state," and it retained the language: "A violation of this section is a lesser included offense within the offenses described in RCW 46.201.342(1)." LAWS OF 1997, ch. 66, § 1; *see also* RCW 46.20.005. This section also retained language making DWOL a lesser included offense of driving with an invalid out-of-state license (former RCW 46.20.420 (1990), since recodified as RCW 46.20.345).

The legislative history is sparse regarding the above amendments and it is silent about why the legislature removed the "highway" language from the DWLS statute in 1990. *See* Br. of Appellant at 15-16. The legislative history regarding the 1997 modification of DWOL demonstrates that the legislature was primarily concerned with separating the misdemeanor of DWOL from the traffic infraction. *See* FINAL B. REP. ON S.S.B. 5060, 55th Leg., Reg. Sess.

---

[3] Even in 1985, driving with a suspended or revoked out-of-state license did *not* have any "highway" element. *See* LAWS OF 1985, ch. 302, §5.

(Wash. 1997) ("The misdemeanor of driving without a valid license is made a separate RCW section. The traffic infraction of driving without a valid license is made a separate RCW section."). And the final bill report clarifies that this amendment is "strictly a technical change to current law which will end the confusion for courts and police." FINAL B. REP. ON S.S.B. 5060, 55th Leg., Reg. Sess. (Wash. 1997). Thus, the legislative history shows that the legislature was not seeking to alter the elements of the criminal driving statutes by enacting this provision.

In their current form, the statutory provisions at issue read as follows. The DWLS statute states:

> It is unlawful for any person to drive a motor vehicle in this state while that person is in a suspended or revoked status or when his or her privilege to drive is suspended or revoked in this or any other state. Any person who has a valid Washington driver's license is not guilty of a violation of this section.

RCW 46.20.342(1). And the DWOL statute states:

> Except as expressly exempted by this chapter, it is a misdemeanor for a person to drive any motor vehicle *upon a highway* in this state without a valid driver's license issued to Washington residents under this chapter. . . . A violation of this section is a lesser included offense within the offenses described in RCW 46.20.342(1) or [former] 46.20.420 [(1990)].

RCW 46.20.005 (emphasis added).

### III. STATUTORY INTERPRETATION

Hancock argues that because the DWOL statute specifically provides that DWOL is a lesser included offense of DWLS, it necessarily imports the element of "upon a highway" into DWLS. Thus, Hancock argues that the State was required to prove that she drove "upon a highway" to convict her of DWLS. The State argues that despite the statute's language, DWOL is not a lesser included offense of DWLS under the judicial definition of "lesser included offense"; thus, it does not import any elements into DWLS. We hold that although DWOL is a

6

lesser included offense of DWLS under the plain language of the statute, the DWOL statute does not import the "upon a highway" element into DWLS.

A.      *Lesser Included Offenses—General Principles*

Lesser included offenses serve several functions in the criminal law. For example, a criminal defendant can be convicted of a lesser included offense even if she is charged only with the greater offense. RCW 10.61.006. Lesser included offenses need not be charged in a charging information. *State v. Gamble*, 168 Wn.2d 161, 168, 225 P.3d 973 (2010); *State v. Fernandez-Medina*, 141 Wn.2d 448, 453-54, 6 P.3d 1150 (2000). Instead, a defendant may receive an instruction on and be validly convicted of a lesser included offense regardless of whether it was included in the charging information. *Gamble*, 168 Wn.2d at 181. Lesser included offenses also offer protection from double jeopardy because a lesser included offense is the same in law as the greater offense for double jeopardy purposes. *State v. Villanueva-Gonzalez*, 175 Wn. App. 1, 6, 304 P.3d 906 (2013), *aff'd*, *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 329 P.3d 78 (2014); *see also Brown v. Ohio*, 432 U.S. 161, 166, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977).

B.      *Plain Language Analysis*

The statutory provisions at issue here are unique. Nowhere else in Washington law does a statute explicitly state that one particular offense is a lesser included offense of another. All other statutes are silent about their potential status as lesser included offenses.

Washington courts generally use a judicial test to determine whether one offense is a lesser included offense of another, and whether a defendant is entitled to an instruction on the lesser included offense. *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). Under

the *Workman* test, a defendant is entitled to an instruction on a lesser included offense if both the legal and factual prongs of the test are met. *Workman*, 90 Wn.2d at 447-48. Under *Workman*'s legal prong, the court determines whether an offense is a lesser included offense of another as a matter of law if the elements of the lesser offense are invariably included in the larger offense. *Workman*, 90 Wn.2d at 447-48; *see also State v. Harris*, 121 Wn.2d 317, 323, 849 P.2d 1216 (1993). In other words, it must be impossible to commit the greater offense without also committing the lesser offense. *State v. Aumick*, 126 Wn.2d 422, 426-27, 894 P.2d 1325 (1995). Then, under *Workman*'s factual prong, evidence must support the inference that the defendant committed the lesser offense. *Workman*, 90 Wn.2d at 448. The *Workman* test, therefore, is how the judiciary determines whether an offense is a lesser included offense when the statutes are silent. It also determines whether a particular defendant is entitled to a lesser included offense instruction.

Here, DWOL is not a lesser included offense of DWLS under the *Workman* test because DWOL, but not DWLS, requires proof that the defendant drove "upon a highway." Thus, it is possible to commit DWLS without committing DWOL. *See Aumick*, 126 Wn.2d at 426-27. But because the DWOL statute is not silent about being a lesser included offense, we do not use the *Workman* test.

We give effect to the plain language of a statute whenever possible. *Evans*, 177 Wn.2d at 192. Here, the statutes' plain language is clear on two points: there is no highway element in DWLS, and DWOL is a lesser included offense of DWLS. The legislature deleted the words "on any public highway" from DWLS. LAWS OF 1990, ch. 210, § 5. This deletion evinces clear legislative intent that the "highway" element should no longer apply to DWLS. And we do not

add language to an unambiguous statute. *J.P.*, 149 Wn.2d at 450. Further, the DWOL statute expressly states that DWOL is a lesser included offense of DWLS. RCW 46.20.005. The legislature has the authority to define offenses within constitutional constraints. *State v. Kier*, 164 Wn.2d 798, 803, 194 P.3d 212 (2008). Therefore, we apply the plain language of DWOL and conclude that it is a lesser included offense of DWLS.

Hancock goes further, and asks us to read the "highway" element into DWLS. Her argument is based on the premise that a statutorily defined lesser included offense must also meet the judicial test. But there is no precedent for courts reading elements into unambiguous statutes based on the *Workman* test. Instead, because the legislative intent is clear from the DWOL statute that it is a lesser included offense, we do not to alter the DWLS statute's plain language and its elements. By making DWOL a lesser included offense of DWLS, the legislature plainly intended to protect defendants from double prosecutions for DWLS and DWOL for the same actions, and to permit juries to convict defendants of DWOL even where only DWLS was charged.

Stated differently, the legislature has spoken: DWOL is a lesser included offense of DWLS. RCW 46.20.005. Only where the legislature is silent does the court need to apply the *Workman* test to determine whether an offense is a lesser included offense of another. But because the legislature is not silent here, we do not second-guess the elements of the offenses the legislature has unambiguously written. We can harmonize these two statutes by applying the plain language of each: DWLS does not require proof of driving upon a highway, and (where the evidence supports a conviction for DWOL), DWOL is a lesser included offense. No judicial construction is necessary. *Evans*, 177 Wn.2d at 192.

This analysis is analogous to that for double jeopardy. To determine whether the legislature intended to create multiple punishments for behavior, we first consider whether there is express or implicit legislative intent to do so. *Kier*, 164 Wn.2d at 804. Only if the legislative intent is unclear on that point does the court then evaluate whether multiple punishments are permissible under the *Blockburger v. United States* test. *Kier*, 164 Wn.2d at 804 (citing 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)). In that context, as here, the legislature has the power to define offenses. If the legislative intent to create multiple punishments is clear, we look no further. Similarly, in this case, we do not second-guess the legislature's clear definitions of DWLS and DWOL by rewriting the statutes to fit the judicial test for lesser included offenses. Because the legislative intent to make DWOL a lesser included offense is plain on the statute's face, no further judicial analysis is necessary.

Hancock argues that not requiring the "highway" element in DWLS leads to absurd results, because people may be convicted for driving a lawn mower on private property or for moving their cars in their private driveways. But we construe statutes to avoid absurd results only if the statutes are ambiguous, and these statutes are not ambiguous. *Evans*, 177 Wn.2d at 192. Moreover, it is not absurd to strictly prohibit driving with a suspended or revoked license anywhere in the state, but to prohibit driving without a license only on highways. It is not absurd to treat people whose privilege to drive has been suspended or revoked as more dangerous than those who have simply never obtained a license. Thus, it is not absurd to prohibit driving with a suspended or revoked license anywhere in the state.

In conclusion, we agree with Hancock that the plain language of the statutes makes DWOL a lesser included offense of DWLS. But this plain language does not alter the elements

10

of either offense. Therefore, we hold that DWLS does not include a "highway" element.[4] The district court did not err by so ruling.

## IV. SUFFICIENCY OF THE EVIDENCE AND JURY INSTRUCTIONS

Hancock argues that the evidence was insufficient to support her conviction for DWLS because the State did not prove that she drove upon a highway, and that the jury instructions were erroneous because they did not instruct the jury on the highway element. Because we hold that there is no highway element in DWLS, we disagree with these arguments.

A.      *Sufficiency of the Evidence*

Hancock argues that the evidence was insufficient to convict her for DWLS because the State did not present any evidence that Hancock drove upon a highway. As stated above, driving upon a highway is not an element of DWLS; instead, all the State must prove is that the defendant drove "in the state." RCW 46.20.342(1). Hancock does not argue that the State failed to prove this element, or any other element of DWLS. Her sufficiency argument fails.

B.      *Jury Instructions*

Hancock argues that the jury instructions were insufficient because they failed to include the element of driving upon a highway. Again, we disagree. "'Jury instructions are sufficient when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law.'" *State v. Aguirre*, 168 Wn.2d 350,

---

[4] The superior court held that DWOL was an inferior degree offense to DWLS. Hancock disputes this holding. This issue does not affect the outcome of this appeal, but Hancock is correct. As stated above, the legislature plainly made DWOL a lesser included offense of DWLS; it did not make it an inferior degree of DWLS. The superior court's erroneous conclusion does not affect our analysis.

No. 46149-8-II

363-64, 229 P.3d 669 (2010) (emphasis omitted) (internal quotation marks omitted) (quoting *Keller v. City of Spokane*, 146 Wn.2d 237, 249, 44 P.3d 845 (2002)). Apart from arguing that the jury instructions should have included the highway element, Hancock does not argue that the jury instructions were deficient. Because we hold that driving upon a highway is not an element of DWLS, the jury instructions were sufficient.

CONCLUSION

We hold that although DWOL is a lesser included offense of DWLS under the plain language of the statute, the DWOL statute does not import the "upon a highway" element into DWLS. We further hold that sufficient evidence supports Hancock's conviction, and that the jury instructions were proper.

We affirm the decisions of the district and superior courts, thus affirming Hancock's conviction.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Melnick, J.

12