# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                                               )
                  Respondent, )
                                                )
            v. )
                                                  )
NICHOLAS D. SCOTT, )
B.D. 06/21/97, )
                                                )
                  Appellant. )
_____ )

DIVISION ONE

No. 74854-8-1

UNPUBLISHED OPINION

FILED: April 24, 2017

DWYER, J. — Nicholas Scott appeals from a juvenile court order of disposition imposed upon him following a finding that he had committed the criminal offense of residential burglary. His claim of error pertains to the disposition imposed. Scott asserts that a prior conviction for attempted extortion in the first degree used to calculate his offender score should not have been counted because it was constitutionally invalid on its face. In so arguing, Scott asserts that (1) the document charging him with attempted extortion failed to provide him constitutionally sufficient notice because it omitted a required element of the crime charged, and (2) there was insufficient evidence in the record to support the conviction. Because Scott fails to demonstrate that the

conviction is facially invalid, the trial court correctly included it in determining the appropriate disposition. We affirm.

I

The facts pertaining to his previous offense are as follows. While serving time at a juvenile detention facility, Scott beat another juvenile. When interviewed by a police officer, Scott stated that the other juvenile was supposed to pay him "rent" in the form of commissary items. Scott stated that because the other juvenile did not pay him "rent," Scott beat him.

Scott was initially charged with extortion in the first degree. The charges were later amended to *attempted* extortion in the first degree. Scott pleaded guilty to the amended charge of attempted extortion in the first degree by Alford plea.[1]

The facts pertaining to his present offense are as follows. After his release from juvenile detention, Scott was charged with, and pleaded guilty to, one count of residential burglary. The prosecutor introduced evidence of several of Scott's past convictions to establish the appropriate range for disposition. Scott disputed the prosecutor's calculation, arguing that his conviction for attempted extortion should not have been included because it was constitutionally invalid on its face. The trial court adopted the prosecutor's recommendation.

---

[1] North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

II

Scott contends that the trial court erred by considering his conviction for attempted extortion in calculating the disposition range applicable to his conviction for residential burglary. This is so, Scott asserts, because the extortion conviction is constitutionally invalid on its face.

We review the calculation of an offender score de novo. State v. Bergstrom, 162 Wn.2d 87, 92, 169 P.3d 816 (2007). The State does not have the affirmative burden of proving the constitutional validity of a prior conviction before it can be used in a sentencing proceeding. State v. Ammons, 105 Wn.2d 175, 187, 713 P.2d 719, 718 P.2d 796 (1986). To allow an attack of a prior conviction at a subsequent sentencing would unjustifiably overburden the sentencing court; there are more appropriate channels to contest the validity of a former conviction. Ammons, 105 Wn.2d at 188. However, a court may not consider a conviction that is constitutionally invalid on its face. Burgett v. Texas, 389 U.S. 109, 114, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967). To be considered constitutionally invalid on its face, a prior judgment of conviction must evidence infirmities of a constitutional magnitude "without further elaboration." Ammons, 105 Wn.2d at 188.

A

Scott first contends that the attempted extortion conviction was facially invalid because the information in the case failed to provide him with constitutionally adequate notice. This is so, Scott asserts, because the charging document did not include the element of a "threat."

The requirement that a defendant be provided with notice of the charges against him is the "first and most universally recognized requirement of due process." Smith v. O'Grady, 312 U.S. 329, 334, 61 S. Ct. 572, 85 L. Ed. 859 (1941). The "essential elements" rule "requires that a charging document allege facts supporting every element of the offense, in addition to adequately identifying the crime charged." State v. Leach, 113 Wn.2d 679, 689, 782 P.2d 552 (1989) (emphasis omitted).

The charging document initially filed against and provided to Scott included all of the elements of extortion in the first degree, including the element of a threat. That document read as follows:

> The Respondent, Nicholas Scott, on or about May 13, 2013 in the County of Pacific, State of Washington, by means of a threat to cause bodily injury in the future to the person threatened or to any other person and/or to cause physical damage to the property of a person other than the Defendant, and/or to subject the person threatened or any other person to physical confinement or restraint, did knowingly attempt to obtain or did obtain property or services from the owner thereof, to wit: [J.H.]; contrary to Revised Code of Washington 9A.56.120(1), 9A.56.110, 9A.04.110(25)(a), and (b), or (c).

However, the amended information, to which he pleaded guilty, charged him with committing *attempted* extortion. That document read as follows:

> The Respondent, Nicholas Scott, on or about May 13, 2013 in the County of Pacific, State of Washington, with intent to commit the crime of Extortion in the First Degree, did an act which was [a] substantial step towards the commission of that crime, to wit: did knowingly attempt to obtain or did obtain property or services from the owner thereof, to wit: [J.H.]; contrary to Revised Code of Washington 9A.56.120(1), 9A.56.110, and 9A.04.110(25)(a), (b), or (c) and RCW 9A.28.020.

- 4 -

"A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). Thus, the "crime of criminal attempt contains two elements: (1) the intent to commit a specific crime, and (2) a substantial step toward the commission of that crime." State v. Chhom, 128 Wn.2d 739, 742, 911 P.2d 1014 (1996) (citing State v. Aumick, 126 Wn.2d 422, 429, 894 P.2d 1325 (1995)).

The amended information properly set out these two elements. First, it alleged that Scott acted "with intent to commit the crime of Extortion in the First Degree." Second, it alleged that Scott "did an act which was [a] substantial step towards the commission of that crime, to wit: did knowingly attempt to obtain or did obtain property or services from the owner thereof, to wit: [S.H.]." This was a constitutionally sufficient statement of the two elements and the facts alleged.[2]

B

Scott next contends that his prior conviction for attempted extortion in the first degree was facially invalid because there was an insufficient factual basis to support the conviction.

To convict a defendant of attempted extortion in the first degree, the prosecution must prove facts showing that the defendant knowingly committed an act which was a substantial step towards the commission of extortion. RCW 9A.28.020; RCW 9A.56.120. A substantial step is conduct "'strongly

_____

[2] Scott incorrectly contends that the amended information was constitutionally required to set forth all of the elements of the completed crime of extortion in the first degree. This is not so.

corroborative of the actor's criminal purpose.'" State v. Townsend, 147 Wn.2d 666, 679, 57 P.3d 255 (2002) (quoting Aumick, 126 Wn.2d at 427).

The trial court need not be convinced beyond a reasonable doubt that a defendant is guilty in order to accept a guilty plea. It is "'enough if there is sufficient evidence for a jury to conclude that he is guilty.'" State v. Newton, 87 Wn.2d 363, 370, 552 P.2d 682 (1976) (quoting United States v. Webb, 433 F.2d 400, 403 (1st Cir. 1970)). The factual basis for the plea may come from any source the trial court finds reliable, and not just admissions of the defendant. Newton, 87 Wn.2d at 370.

In this instance, the trial court relied primarily on the police report attached to the charging document. In that report, Scott stated to the investigating officer that the other inmates were supposed to "pay rent" to Scott in the form of commissary items. Scott further stated that because one of the juveniles refused to "pay rent," Scott beat him. Another inmate confirmed that Scott had gone off with the victim and that when they returned the victim was visibly bruised and "beat up looking." The officer stated that Scott volunteered all of this information freely and that he seemed "unaffected" by his admission.

Such evidence was sufficient to support Scott's plea of guilty. From the statements in the police report it is easily inferred that Scott threatened the victim in an effort to coerce the victim to give Scott commissary items and beat him when he proved reluctant. Either the threat or the beating itself could constitute a substantial step toward the commission of extortion. See State v. Martinez, 76 Wn. App. 1, 3, 884 P.2d 3 (1994) (upholding a conviction for extortion where the

defendant, during the course of a prolonged beating, sought to induce the victim to sign over her car to him).

Scott admitted to beating the other inmate, and admitted that he required other inmates to pay him commissary items. Such admissions are "'strongly corroborative'" of his criminal purpose. Townsend, 147 Wn.2d at 679 (quoting Aumick, 126 Wn.2d at 427). Thus, there was sufficient evidence from which a jury could find that Scott knowingly did an act which was a substantial step toward committing extortion.

Scott failed to demonstrate the facial invalidity of the attempted extortion judgment of conviction. Accordingly, the trial court correctly calculated his offender score.

Affirmed.

We concur:

Trickey, ACJ

Becker, J.