IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37203-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KATIE L. DELESDERNIER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Katie Delesdernier appeals her conviction for

possession of a controlled substance with intent to deliver. She argues she received

ineffective assistance of counsel when trial counsel failed to object to the lack of an

elements instruction. She also argues there was insufficient evidence to sustain this

conviction. We disagree and affirm.

FACTS

In June 2016, Spokane police officers set up a series of controlled buys, using a

confidential informant to purchase methamphetamine from Ms. Delesdernier. Following

the successful controlled buys, police arrested her for three sales of methamphetamine.

They searched her purse incident to the arrest and discovered $1,200 in cash and a small

quantity of methamphetamine.  Ms. Delesdernier admitted to selling methamphetamine, originally by the ounce and later in smaller quantities.

After the arrest, police obtained and executed a search warrant for Ms. Delesdernier's house.  Police found one-eighth of an ounce of methamphetamine in a plastic "baggie."  Police also found $1,500 in cash, various drug paraphernalia, and a large scale that, in the detective's experience, was usually used for drug trafficking. Police also found drug packaging materials with methamphetamine residue.

The State charged Ms. Delesdernier with a number of drug-related crimes.  Those charges included possession of a controlled substance (count IV) and possession of a controlled substance with intent to deliver (count V).

At the jury instruction conference, the State proposed and the trial court gave pattern instructions for the charged offenses, including instructions for simple possession (count IV) and possession with intent to deliver (count V).  Defense counsel requested, and the trial court gave, two additional instructions.  One discussed a defendant's right not to testify at trial.  The other, "Verdict Form F," permitted the jury to consider a lesser included offense for count V.  That instruction provided in relevant part:

> We, the jury, having found the defendant, KATIE L. DELESDERNIER, not guilty of the crime of Possession of a Controlled Substance with Intent to Deliver, as charged in Count V, or being unable to unanimously agree as to that charge, find the defendant, KATIE L. DELESDERNIER, [write in "not guilty" or "guilty"] of the lesser included crime of Possession of a Controlled Substance.

Clerk's Papers at 155.

At the conclusion of the case, the jury returned a verdict of guilty on all counts as charged and therefore did not fill in and sign Verdict Form F. Ms. Delesdernier timely appealed.

## ANALYSIS

INEFFECTIVE ASSISTANCE OF COUNSEL

Ms. Delesdernier contends her trial counsel was ineffective. She argues counsel should have proposed a to-convict instruction for the lesser included offense, instead of simply proposing Verdict Form F. We disagree.

When reviewing a challenge to the effective assistance of counsel, this court conducts a two-prong analysis, reviewing first whether the performance of counsel was deficient and, second, if counsel's performance was deficient, whether that deficiency prejudiced the defendant. *State v. Lopez*, 190 Wn.2d 104, 116, 410 P.3d 1117 (2018). This court examines a claim of ineffective assistance of counsel de novo. *Id.* at 117.

A defendant is entitled to an instruction on the elements of a lesser included offense when a lesser included offense instruction is given. *State v. Aumick*, 126 Wn.2d 422, 426, 894 P.2d 1325 (1995). But jury instructions are sufficient when they permit the parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the applicable law. *State v. Pirtle*, 127 Wn.2d 628, 656-57, 904 P.2d 245 (1995). And jury instructions are read as a whole to determine whether they meet those requirements. *State v. Hardy*, 44 Wn. App. 477, 480, 722 P.2d 872 (1986).

Ms. Delesdernier's argument would have us ignore the instructions that were given. The to-convict elements for possession of a controlled substance were given with respect to count IV. Although a separate to-convict instruction for the lesser included offense could have been offered, it would have differed from the other possession instruction only with respect to the date of the offense. The date for the lesser offense already was included in the instructions by virtue of the to-convict instruction for count V. Read as a whole, the jury instructions were sufficient for Ms. Delesdernier to argue in favor of the lesser included offense. She made her argument, but the jury instead found her guilty of the greater offense. We conclude that Ms. Delesdernier's counsel was not deficient by not proposing a nearly duplicative to-convict instruction.

4

SUFFICIENCY OF THE EVIDENCE

Ms. Delesdernier contends there was insufficient evidence to prove possession with the intent to deliver. She argues the amount of drugs recovered was not substantial and, even with the evidence of paraphernalia found in the house, this was not sufficient to show an intent to deliver the methamphetamine. We disagree.

When reviewing a challenge to sufficiency of the evidence, this court reviews whether the evidence, in the light most favorable to the State, would allow a rational trier of fact to find the defendant guilty of the crime charged beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences from the evidence are drawn in favor of the State and interpreted against the defendant most heavily. *Id.* Circumstantial evidence is equally as reliable as direct evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

In order to prove unlawful possession of a controlled substance with intent to deliver, the State must show, beyond a reasonable doubt, the defendant (1) unlawfully possessed, (2) a controlled substance, (3) with the intent to deliver the controlled substance. RCW 69.50.401(1). "Mere possession of a controlled substance, including quantities greater than needed for personal use, is not sufficient to support an inference of intent to deliver." *State v. O'Connor*, 155 Wn. App. 282, 290, 229 P.3d 880 (2010).

5

Ms. Delesdernier argues that only where a large quantity of drugs is found in addition to another factor, such as paraphernalia, can it be shown there was an intent to deliver. She cites *State v. Hotchkiss*, 1 Wn. App. 2d 275, 280, 404 P.3d 629 (2017) in support of this. However, while in *Hotchkiss* the defendant was in possession of a large quantity of methamphetamine and an additional factor, a large amount of cash, the court in *Hotchkiss* did not hold that the large quantity of drugs was a threshold matter that had to be overcome to show intent to deliver.

This court has previously held that a large quantity of drugs is not a threshold issue in finding intent to deliver. *State v. Zunker*, 112 Wn. App. 130, 138, 48 P.3d 344 (2002). In *Zunker*, we held that a small amount of drugs can be sufficient to support a jury finding when it is combined with other corroborating evidence. *Id.* This can include large quantities of cash and drug paraphernalia. *Id.* at 136.

Here, police found a baggie containing one-eighth of an ounce of methamphetamine in Ms. Delesdernier's house. Detective Jay Mehring testified that this was an amount that some users of methamphetamine would purchase. Further, police recovered baggies that are often used for packaging drugs, a scale such as one might use to weigh drugs before selling them, and $1,500 in cash. Notably, Ms. Delesdernier even admitted to police that she sold methamphetamine to others. The State presented

No. 37203-1-III
*State v. Delesdernier*

overwhelming evidence that Ms. Delesdernier possessed methamphetamine with intent to

deliver, easily sufficient to sustain her conviction on that charge.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Korsmo, A.C.J.                          Fearing, J.

7